·(86 App. Div. 328.) –

CHEEVER v. SCOTTISH UNION & NAT. INS. CO. OF EDINBURGH.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

,1. INSURANCE—ARTICLES BURNED—EVIDENCE.

Where the best evidence of the articles destroyed by the fire, 500 in number, is the recollection of plaintiff immediately after the fire, lists then made up by her are admissible, not as evidence in themselves, but as making a record of the things in detail to which she had testified.

·2. INSURANCE—VALUE—EVIDENCE.

Evidence of the articles burned, with their cost price and the length of time they had been used, forms a basis for estimating their value at the time of the fire.

-3. SAME—CLAIM FOR LOSS—MISSTATEMENT OF VALUE.

· A mere misstatement of the loss, based on an erroneous estimate of values, in a claim against an insurance company, does not avoid the policy; to do this, the misstatement must be fraudulent.

Appeal from Trial Term, Nassau County.

Action by Josephine A. Cheever against the Scottish Union & National Insurance Company of Edinburgh. From a judgment for plaintiff, and from an order denying a motion for new trial on the minutes, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Donald McLean, for appellant.

Hugo Wintner, for respondent.

WOODWARD, J. The plaintiff brings this action to recover ·$3,000, the amount of two policies of insurance written upon certain pictures, furniture, and other personal property contained in a summer hotel at Lynbrooke, Nassau county, N. Y. The pleadings in the case, in so far as any question of law is involved, were identical with those in the case of Cheever v. British-American Insurance Company, 83 N. Y. Supp. 728, which was before this court contemporaneously with the present appeal; and the case seems to have been tried and disposed of by the jury upon the theory that the general denial permitted the defense of fraud and false swearing. No question was raised as to the correctness of this theory, and, the jury having found in favor of the plaintiff, the defendant has certainly had all of the opportunity which it could well have to defeat the claim of the plaintiff, and this court is not called upon to be astute in discovering a method of avoiding the verdict of the jury, where it is so obviously within the scope of the defendant's contract.

The appeal urges principally that it was error to admit in evidence three memoranda, known as Exhibits E, F, and G, which purported to be lists of the articles contained in the hotel at the time of the fire, and which were wholly destroyed. These lists were, according to the testimony of the plaintiff, made up within two weeks of the date ·of the fire, while the matters were fresh in her mind, and she testifies that at the time the same were made she knew them to be correct. These lists state, in a majority of instances, the place of purchase and

¶ 3. See Insurance, vol. 28, Cent. Dig. §§ 1358, 1362, 1363, 1365.

the purchase price, with statements as to the length of time they had been in use. The witness further explains that in making up this list for the adjuster she contemplated showing the cost price, and the length of time the articles had been in use, as a basis for discounting the figures, and that she believed that 25 per cent. discount would, on an average, give the cash value of the articles at the time of the fire. The list of articles aggregated nearly 500, and under the rule laid down in Howard v. McDonough, 77 N. Y. 592, 594, we are of opinion that there was no error in admitting these lists of articles, not as evidence in themselves, but as making a record of the things in detail to which the witness had testified. McCormick v. Pennsylvania Central R. R. Co., 49 N. Y. 303, 316. The goods had been destroyed, and the best evidence of the articles involved in the loss, so far as appears, was the recollection of the plaintiff, immediately after the fire, of the articles contained in the hotel, with which she was shown to be familiar. She made a list of these articles, giving details of place of purchase, the time they had been in use and the cost of the same, and she testified that these articles were known by her to have been in the house at the time of the fire. These lists were not evidence that the things were in fact there, but when she testified that the lists were correct at the time she made them, and that the articles were actually in the hotel at the time, it was not error to admit the lists as having been testified to by her, and the facts given in connection with these lists formed a basis for the jury in estimating the value of the property destroyed. Jones v. Morgan, 90 N. Y. 4, 10, 11, 43 Am. Rep. 131. The law is well established that the price paid by a party for property is some evidence of its value (Matter of Johnston, 144 N. Y. 563, 565, 39 N. E. 643, and authorities there cited; Latimer v. Burrows, 163 N. Y. 7, 9, 57 N. E. 95, and authorities there cited), and, as this was the only evidence which at the time was available, the plaintiff's right to recover cannot be defeated by reason of the fact that she did not give in her schedule the actual cash value of the articles at the time of the fire. While the cross-examination served to establish that the figures were not those of the actual cash value, it was brought out largely for the purpose of establishing fraud on the part of the plaintiff, and upon this issue the jury has found in favor of the plaintiff, and the evidence, as explained by the plaintiff, is sufficient to support the judgment.

The testimony of Mr. Wintner, giving a summary of the items in the lists, merely served to bring before the jury in a concise form that which had already been testified to by the plaintiff, and could have done no harm to the defendant.

While the policy limits the obligation of the defendant to the cash value of the property at the time of the fire, the mere fact that the plaintiff has filed a claim, basing her estimate of the loss upon the purchase price of the articles, cannot defeat a recovery where there is no fraud in the matter. A mere misstatement of the loss, based upon an erroneous estimate of values, which is but the expression of an opinion, does not operate to avoid the policy; the misstatement must be false and fraudulent. Titus v. Glens Falls Insurance Co., 81 N. Y. 410, 421. In the case at bar the schedule, giving details as to the

place of purchase and price of the goods, does not bear evidence of intended fraud, and the verdict of the jury has conclusively disposed of this contention.

We do not find reversible error. The case appears to have been disposed of under conditions which were more favorable to the defendant than it had a right to expect under its pleadings. The judgment and order appealed from should be affirmed, with costs. All concur.