the property of the Oscawana Lake Outing Club, of which club many of the officials and other prominent citizens of Putnam county are members. There can surely be no difficulty in securing a jury wholly free from improper influence, and an assumption to the contrary, because of the fact suggested by the plaintiff, would seem to involve an unwarranted aspersion both upon the county and the trial court. The case of Tuomey v. Kingsford, 68 App. Div. 180, 74 N. Y. Supp. 13, was very different, in that there the defendant's agent had boasted that he could defeat a fair trial by the change of venue.

The appellant further claims that the residence of the respondent's witnesses is such that the county seat of Westchester is as convenient of access, or more so, to them, than the county seat of Putnam. Assuming that it were proper to consider this suggestion on review of an order granting a change of the place of trial, the fact should be borne in mind that the convenience of witnesses is not entirely subserved by considerations of accessibility, but that the condition of the calendar and the duration of the terms are equally relevant. The getting away from the courthouse is at least as important to the witnesses as the getting to it. In Carmel the terms of court are known to last but a day or two, while at White Plains they are protracted for weeks; and, in view of the relative time during which the enforced attendance of witnesses would probably be required at the respective circuits, there can be no doubt as to the matter of convenience, aside from the mere distance to be traveled.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.

---

(86 App. Div. 333.)

### CHEEVER v. BRITISH–AMERICAN INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. INSURANCE—ACTION ON POLICY—FRAUD—PLEADING AND PROOF.
   Plaintiff in an action on an insurance policy not having to prove the absence of fraud, defendant, under a general denial, may not use evidence that some of the goods alleged to have been in the building at the time of the fire had been removed, competent on the amount of loss to prove fraud and false swearing, which by the terms of the policy would vitiate it.

Appeal from Trial Term, Nassau County.

Action by Josephine A. Cheever against the British-American Insurance Company of New York. From a judgment for plaintiff, and from an order denying a motion for new trial on the minutes, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Donald McLean (Albert Ritchie, on the brief), for appellant.
Hugo Wintner, for respondent.

WOODWARD, J. The defendant issued an insurance policy to the plaintiff for an amount not exceeding $2,000. One thousand dollars of this policy was written upon the household furniture, and one

thousand dollars on certain wines, liquors, etc., used upon the premises. The complaint alleges ownership in the plaintiff, issuance of the policy, the payment of the premium, and the destruction of the property during the life of the policy; and that the plaintiff had duly performed all the conditions in said policy on her part to be performed, and had given due notice and proof of loss to defendant. The answer denied knowledge or information sufficient to form a belief as to the ownership of the property insured, as to the destruction of the property by fire, as to the amount of the loss and damage, and as to whether the plaintiff had performed all of the conditions in said policy on her part to be performed; as to whether the plaintiff had given due notice and due proof of loss, except that defendant admitted receiving notice of an alleged loss, that 60 days had elapsed since then, and that payment of $2,000 had been demanded and payment refused. Upon the trial the plaintiff introduced evidence in support of the allegations of her complaint which had been controverted, and the defendant placed witnesses on the stand to testify that some portions of the goods alleged to have been in the building at the time of the fire had been removed. This evidence, competent for the purpose of arriving at the amount of the plaintiff's loss, was sought to be made use of by the defendant as evidence of fraud and false swearing, which under the terms of the policy would vitiate the instrument. The learned trial justice refused to permit this use of the evidence, and charged the jury that there was no issue of fraud or false swearing tendered by the pleadings, and that there was no such question before them. This charge to the jury, with various intermediate rulings upon the same point, constitutes the only question presented upon this appeal, the jury having found a verdict for the plaintiff for $1,566, instead of the full face of the policy.

We are of opinion that the case does not present reversible error. The defendant might disprove, under a general denial, anything which it was necessary for the plaintiff to establish; but it has never been held, so far as we discover, that it was incumbent upon a plaintiff in an action of this character to prove, what the law presumes, that he has not been guilty of fraud. The general rule of pleading, which is in accord with reason, is that defenses which assume or admit the original cause of action alleged, but are based upon subsequent facts or transactions which go to qualify or defeat it, must be pleaded and proved by the defendant. Farmers' Loan & Trust Company v. Siefke, 144 N. Y. 354, 360, 39 N. E. 358. The plaintiff pleaded and established by the evidence all of the facts made necessary by her policy, and she was entitled to recover unless the policy had been forfeited by her fraud or false swearing. If the defendant had reason to believe that it had been fraudulently dealt with, it was its duty to have alleged the facts constituting the fraud as a defense, in this way tendering an issue to be tried. This could not be done under a mere general denial of the allegations of the complaint, for the plaintiff was not called upon to prove absence of fraud. See Fischer v. Metropolitan Life Ins. Co., 37 App. Div. 575, 580, 56 N. Y. Supp. 260.

The judgment and order appealed from should be affirmed, with costs. All concur.