SIMON CLOAK & SUIT CO. v. ÆTNA INS. CO.

(City Court of New York, Trial Term.    August 9, 1912.)

1. INSURANCE (§ 553*)—PROOFS OF LOSS—FRAUDULENT ESTIMATE OF VALUE.
   In an action on an insurance policy, an exaggeration of the amount of the loss was not fraud, invalidating the policy, where insured had no means of positively determining the value of the goods destroyed, and was compelled to estimate the loss; and hence a verdict for an amount which showed that insured overestimated the loss 100 per cent. did not justify the court in rendering a judgment for defendant.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1362–1366; Dec. Dig. § 553.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. INSURANCE (§ 553*)—PROOFS OF LOSS—FRAUDULENT ESTIMATE OF VALUE.

In an action on an insurance policy, where the loss is capable of more or less accurate ascertainment, a gross overvaluation of the goods destroyed compels the court to determine as a matter of law that intentional fraud was attempted; but the evidence must be conclusive against mistake or misapprehension.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1362–1366; Dec. Dig. § 553.*]

Action by the Simon Cloak & Suit Company against the Ætna Insurance Company. Verdict for plaintiff, and defendant moves for judgment notwithstanding the verdict. Motion denied.

Chas. Eno, of New York City, for plaintiff.
Leo Levy, of New York City, for defendant.

SCHMUCK, J. [1] After the verdict of the jury was announced, counsel for the defendant moved for judgment, and protested the acceptance of the verdict. The basis of this rather unusual application was that, the amount of the verdict being considerably less than the amount claimed and sued for, evidence of fraud was thereby conclusively established, requiring judgment on the verdict in favor of the defendant. If mere exaggeration of the loss is fraud, then defendant's contention must prevail. If it is not such per se, then, before any force can be ascribed to defendant's claim, some evidence of a willful and deliberate misstatement must be discovered. An examination of the authorities leads to the conclusion that a mere misstatement of the loss, particularly when based upon an erroneous estimate of value, does not operate to avoid the policy. In the very exhaustive and interesting opinion in Titus v. Glens Falls Ins. Co., 81 N. Y. 410, concerning misrepresentation of loss, the following language is found:

"The claim of the defendant upon the trial was that any misstatement, however innocently made, under this provision, was a cause of forfeiture. But the judge charged the jury that under this clause in the policy a misstatement would not avoid the policy, if it was a mere mistaken expression of opinion, but that the misstatement must be false and fraudulent. In this there was no error."

Again in Cheever v. Scottish Union & Nat. Ins. Co., 86 App. Div. 328, 83 N. Y. Supp. 730, the court, approving the language just quoted, held that, to defeat the plaintiff's right of recovery, fraud must be evident in the misrepresentation. Likewise in Nugent v. Rensselaer Co. Mut. Fire Ins. Co., 106 App. Div. 308, 94 N. Y. Supp. 605, it was held that exaggeration of the loss is not in itself proof of fraud.

[2] Unquestionably, where the loss is capable of more or less accurate ascertainment, a gross overvaluation of the goods destroyed compels the court to determine as a matter of law that intentional fraud was attempted. Sternfield v. Park Ins. Co., 50 Hun, 263, 2 N. Y. Supp. 766. In order to determine the existence of fraud because of overestimation, the evidence must be conclusive against mistake or misapprehension. As was pointed out in the opinion of the court in Sternfield v. Park Ins. Co., supra, where no other conception of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

misrepresentation of the loss obtains, but that it was made to deceive the insurer, it becomes incumbent upon the court to find fraud and to decree judgment in favor of the defendant. It must be remembered, however, that every case of overvaluation, no matter how great or small, is not necessarily an instance of fraudulent misstatement. Therefore, whether the difference between the amount claimed and the amount awarded is of such nature and amount as to justify the court in setting aside the verdict depends upon the facts of each case. Davis v. Guardian Ins. Co., 87 Hun, 414, 34 N. Y. Supp. 332.

Examining the matter under consideration, the evidence discloses that the plaintiff asserted a claim much in excess of the amount of the loss as found by the jury. Perhaps it is safe to state that the difference amounted to more than 100 per cent. It is also evident from the testimony that the plaintiff had no means by which it could positively determine the value of the goods destroyed. That it was compelled to estimate its loss is indisputably apparent from the manner in which the loss was calculated. It is quite apparent that its misstatement was based upon an erroneous estimate. In consequence, the exaggeration of the value must be held to be an expression of an opinion, which does not operate to avoid the policy, since under such circumstances there is absent the essential of fraud. 13 Am. & Eng. Ency. of Law (2d Ed.) 342.

Admitting the laxity with which the plaintiff conducted its business, the court fails to discover that fact germane to the issue. The most unfavorable view possible of plaintiff's case fails to indicate deception and fraud on its part. Failing to discover fraud on the part of the plaintiff, it is unnecessary to determine whether the court, by virtue of section 1187 of the Code of Civil Procedure, is authorized to entertain a motion of the kind and class now under consideration. It is the opinion of the court that the circumstances of this case confer upon the court the power to make the disposition asked, if justified by the facts.

Motion denied. Submit order.