OSCAR HALBREICH, Appellant, v. THE TRAVELERS FIRE INSURANCE COMPANY and Others, Respondents.— Judgment and order reversed on the law and the facts and a new trial granted, costs to abide the event. (1) The only issue that should have been submitted to the jury on this record was as to the true amount of plaintiff's damages under the policies. There was no issue of fraud. The court in its charge avoided the use of the words " fraud " or " false swearing " and used the terms " dishonesty " and " padding " in respect of the claim, and erroneously gave to them the effect in law of fraud and false swearing under the policy. The only effect which could be given to a finding by a jury that the plaintiff on the trial had testified falsely as to the possession of goods or property prior to the fire was to have that fact affect the amount of the verdict, as there was testimony in the record from other witnesses, including the defendants' own witnesses, that the plaintiff had in fact suffered damage for which he was entitled to recover under the policies. Especially was this so when one element of damages with respect to property (store fixtures) was not made the subject of proof by the defendants, by way of affecting the plaintiff's proof on this subject. Moreover, the charge of the court, as a whole, was not an impartial or accurate submission of the issues of fact. The order in which the jury were directed to pass on the issues of fact was incorrect. In Cheever v. British American Ins. Co. (86 App. Div. 333) the record on appeal discloses a situation in many respects paralleling that herein.

* Affd., 262 N. Y. 560.

That record involved testimony that indicated that plaintiff was willfully padding her claim. It was held not to be available on any theory of fraud and not to be a complete bar to a recovery (a defense of fraud not being pleaded), but merely to have a bearing upon the amount of the true extent of the damages. Kapper, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., concurs in result.