■ OCEAN-CLEAR, INC., et al., Appellants, v CONTINENTAL CASUALTY COMPANY et al., Respondents. In the Matter of DAVID C. SPRAFKIN et al., Appellants. NORTH RIVER INSURANCE COMPANY, Respondent. — In an action on two fire insurance policies, plaintiffs and their attorney appeal from an order of the Supreme Court, Nassau County (Spatt, J.), dated March 17, 1982, which denied their motion to quash subpoenas served on the attorneys, and granted defendants' cross motions to disqualify the attorneys. Order modified, by deleting the first decretal paragraph thereof and substituting a provision denying defendants' cross motion to disqualify plaintiffs' attorneys. As so modified, order affirmed, without costs or disbursements. Plaintiffs, who are in the lobster business, seek recovery under two insurance policies for fire

damage to their premises on or about June 28, 1977. Their claim is that one of their water pumps caught fire causing the pump's motor to malfunction, ultimately resulting in the death of their lobsters. In December, 1977 — prior to the current lawsuit but after the defendants' expert inspected a motor proffered by the plaintiffs — the defendants disclaimed liability on the ground that the motor malfunction was not caused by the fire. In their papers submitted in connection with the instant motions, the defendants assert that during a discovery proceeding conducted in August, 1980, after the lawsuit had begun, one of plaintiffs' attorneys showed a second motor to the carriers' lawyer but subsequently admitted that this motor and the one shown to the carriers' expert in 1977 were not involved in the fire. The attorney is alleged to have declared that the motor involved in the fire had been already discarded by plaintiffs' repair company. When the first inspection took place in 1977, plaintiffs' attorneys had not as yet been retained, since there had not yet been either disclaimer or legal action. After the 1980 discovery proceedings, defendants successfully moved to amend their answers to include the affirmative defense of fraud based on concealment of the motor, referring to both the 1977 and 1980 inspections. Defendant North River Insurance Company subsequently served subpoenas on plaintiffs' attorneys, Samuel and David Sprafkin, to testify at trial, contending that the Sprafkins had personal knowledge of the alleged concealments both in 1977 and 1980. Plaintiffs' attorneys responded with a motion to quash the subpoenas and defendants cross-moved to disqualify them as counsel for plaintiffs in this action. After an evidentiary hearing, Special Term held that the testimony of plaintiffs' attorneys would be relevant to the concealment defense and denied the motion to quash. The court also granted the cross motion to disqualify the Sprafkins, holding that their testimony might be prejudicial to their clients. Plaintiffs and their attorneys have appealed. Ordinarily, an insurer may assert as an affirmative defense the breach of the standard willful concealment or misrepresentation clause by its assured (Insurance Law, § 168; *Saks & Co. v Continental Ins. Co.,* 23 NY2d 161). Once an insurer repudiates liability, however, the assured is excused from any of its obligations under the policy (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835; *Sherri v National Sur. Co. of N. Y.,* 243 NY 266; *Beckley v Otsego County Farmers Coop. Fire Ins. Co.,* 3 AD2d 190, app dsmd 2 NY2d 990) and therefore it is generally accepted that fraud arising after the commencement of an action on a policy does not void the policy (see, e.g., *Halbreich v Travelers Fire Ins. Co.,* 238 App Div 841; *Mercantile Trust Co. v New York Underwriter's Ins. Co.,* 376 F2d 502; *American Paint Serv. v Home Ins. Co. of N. Y.,* 246 F2d 91; *Home Ins. Co. v Cohen,* 357 SW2d 674 [Ky]; *Tarzian v West Bend Mut. Fire Ins. Co.,* 74 Ill App 2d 314). The reason for this conclusion was summarized by the Third Circuit in *American Paint Serv. v Home Ins. Co. of N. Y.* (*supra,* p 94): "The fraud and false swearing clause is one beneficial to the insurer and it reasonably extends to protect the insurer during the period of settlement or adjustment of the claim. When settlement fails and suit is filed, the parties no longer deal on the non-adversary level required by the fraud and false swearing clause. If the insurer denies liability and compels the insured to bring suit, the rights of the parties are fixed as of that time for it is assumed that the insurer, in good faith, then has sound reasons based upon the terms of the policy for denying the claim of the insured." Thus, the events of the 1980 inspection may not be raised as a defense to the policy. The carriers are not precluded, however, from raising the prelitigation concealment in 1977 as a defense. To establish that defense they may examine plaintiffs' attorneys concerning the underlying events. While such testimony may be subject to the attorney-client privilege (and the

attorneys may not even have personal knowledge of the events), a witness subject to a subpoena *ad testificandum* cannot raise an issue of privilege until he has actually appeared and been questioned (*Matter of Hirschfield v Craig,* 239 NY 98; *Matter of Fahy v Commission to Investigate Allegations of Police Corruption & City's Anti-Corruption Procedures,* 65 Misc 2d 781, affd 36 AD2d 802; *Matter of Marius v Leonardo La Monica, Inc.,* 115 Misc 2d 12; *City of Albany v Albany Professional Permanent Firefighters Assn.,* 66 Misc 2d 822; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2304.06). Since the court should not anticipate potential lines of questioning, the power to issue the subpoena *ad testificandum* is absolute and unlimited (*Matter of Hirschfield v Craig, supra*) and the motion to quash was properly denied. Whether the Sprafkins should be disqualified as attorneys for the plaintiffs under the advocate-witness rule is yet another question (see, generally, Note, The Advocate-Witness rule: If Z, Then X. But Why?, 52 NYU L Rev 1365). When an attorney is called as a witness for the adverse party, he should be disqualified as counsel if his testimony may be prejudicial to his own client (Code of Professional Responsibility DR 5-102; *People v Paperno,* 54 NY2d 294). In evaluating the insurers' claim that the Sprafkins' testimony will be prejudicial to their own clients, we are mindful of the potential for abuse inherent in the disqualification rule and that disqualification motions have become increasingly popular tools of the litigation process (*Allegaert v Perot,* 565 F2d 246; *Rice v Baron,* 456 F Supp 1361). Certainly, the delay in seeking disqualification reflects adversely on the good faith of the instant insurers (see *People v Paperno, supra*). On the basis of the hearing record, we conclude that the attorneys' projected testimony has not been shown to be sufficiently adverse to the factual assertions or account of events offered on behalf of the plaintiffs (see *Freeman v Kulicke & Soffa Inds.,* 449 F Supp 974, affd 591 F2d 1334; *Rice v Baron, supra*). Accordingly, since defendants did not meet their burden of establishing the necessary prejudice, the cross motions to disqualify counsel should have been denied. Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.