■ WILLIAM F. COOLEY et al., Respondents, v RAYMOND W.

BROOKS, Appellant. [621 NYS2d 975] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court should have granted that part of defendant's motion seeking to disqualify plaintiffs' counsel. Code of Professional Responsibility DR 5-102 (B) (22 NYCRR 1200.21 [b]) states that, when an attorney is called as a witness for an adverse party, that attorney and his firm must be disqualified as counsel if his testimony may be prejudicial to the client (see, Luk Lamellen u. Kupplungsbau GmbH v Lerner, 167 AD2d 451, 452; Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d 717). In support of his motion, defendant submitted evidence in admissible form showing that, on August 9, 1991, the parties entered into a contract that was subject to approval by counsel within seven days. Within that seven-day period, defendant's counsel called plaintiffs' counsel advising that the contract was unacceptable and that it would be acceptable if it were made contingent on the sale of defendant's home. An exchange of letters occurred between counsel in an attempt to reach an acceptable agreement. Plaintiffs' counsel acknowledged at his examination before trial that a conversation had occurred. Moreover, in a letter dated September 3, 1991, plaintiffs' counsel indicated that his clients were agreeable to the change and the contingency. That letter inquired whether a new contract should be drafted or whether the exchange of letters would suffice. In response to defendant's motion, a conclusory affidavit was submitted by a member of the firm representing plaintiffs asserting that the testimony of plaintiffs' counsel would not be prejudicial to plaintiffs. That attorney alleged that the contingency added to the contract related only to a change in the closing date. No affidavit was submitted by the attorney who represented plaintiffs in the contract negotiations and no response was made to defendant's assertion that counsel was advised that the contract was not approved. Because counsel's testimony was shown to be sufficiently adverse to the assertions of plaintiffs, disqualification was warranted. Consequently, the order appealed from is modified to grant that part of defendant's motion seeking to disqualify the law firm representing plaintiffs.

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Order of Supreme Court, Steuben County, Purple, Jr., J.—Disqualifica-

tion of Counsel.) Present—Balio, J. P., Lawton, Fallon, Wesley and Doerr, JJ.