■ JAMES VECCHIARELLI et al., Appellants, v CONTINENTAL INSURANCE COMPANY, Respondent, et al., Defendant. [628 NYS2d 892] —Order unanimously affirmed with costs. Memorandum: Defendant Continental Insurance Company (Continental) issued a homeowner's policy to plaintiff James Vecchiarelli (James). A fire destroyed the home and its contents. James was the sole owner of the home and the named insured in the policy. Continental concluded from its investigation and examination of James under oath that James arranged for the setting of the fire and rejected his proof of loss. James and his wife, Lisa Vecchiarelli (Lisa), commenced this action to recover under the policy. Continental thereafter moved for partial summary judgment dismissing the second and third causes of action and deleting 12 paragraphs and part of a 13th paragraph from the complaint as well as the name of Lisa as a plaintiff. Plaintiffs cross-moved to disqualify the law firm representing Continental on the ground that an attorney in that law firm would be called as a witness. Supreme Court granted Continental's motion and denied plaintiffs' cross motion. We affirm.

Plaintiffs have abandoned their appeal from that part of the order dismissing the second and third causes of action and striking certain paragraphs from the complaint by failing to brief those issues (see, Ciesinski v Town of Aurora, 202 AD2d 984).

We conclude that the court properly struck the name of Lisa as a plaintiff. Continental owed Lisa no contractual duty

because she was neither a named insured nor an owner of the house. Moreover, no separate tort duty running from Continental to her was established *(see, Johnson v Jamaica Hosp.,* 62 NY2d 523, 528). In any event, damages for mental or emotional distress are not recoverable because "the contract of insurance does not create a relationship for which a duty is owed * * * separate and apart from the contractual obligation" *(Klein v Empire Blue Cross & Blue Shield,* 173 AD2d 1006, 1008, *lv denied* 78 NY2d 863). The court also properly struck the contested paragraphs from the complaint. The allegations contained therein were irrelevant to the sole remaining cause of action for breach of contract.

We further conclude that the court properly denied the cross motion. Plaintiffs failed to establish that the testimony of an attorney from the law firm representing Continental is necessary for Continental to prove its affirmative defenses and, thus, that he "ought to be called as a witness" on behalf of Continental *(S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445; *see, Fiore v State Farm Fire & Cas. Co.,* 135 AD2d 602, 604; Code of Professional Responsibility DR 5-102 [A] [22 NYCRR 1200.21 (a)]). Although plaintiffs assert that they intend to call that attorney as a witness, disqualification is unwarranted; plaintiffs have not shown that his testimony will be prejudicial to Continental *(see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., supra,* at 446; *Fiore v State Farm Fire & Cas. Co., supra,* at 604; *Ocean-Clear, Inc. v Continental Cas. Co.,* 94 AD2d 717, 719; Code of Professional Responsibility DR 5-102 [B] [22 NYCRR 1200.21 (b)]). (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Callahan and Boehm, JJ.