**GENENTECH, INC., Plaintiff,**

v.

**NOVO NORDISK A/S, Novo Nordisk of North America, Inc., Novo Nordisk Pharmaceuticals Inc., Bio–Technology General Corp. and Bio–Technology General (Israel) Ltd., Defendants.**

**Nos. 95 Civ. 3474 (CBM), 94 Civ. 8634, 95 Civ. 0110 and 96 Civ. 1755.**

United States District Court, S.D. New York.

April 30, 1996.

Rogers & Wells by Leora Ben–Ami, Philip E. Roux, for Genentech, Inc.

Graham & James, L.L.P. by Albert L. Jacobs, for Novo Nordisk A/S, et al.

Morgan & Finnegan, L.L.P. by John C. Vassil, Kurt E. Richter, Kenneth H. Sonnenfeld.

## MEMORANDUM OPINION

MOTLEY, District Judge.

This court decided on August 3, 1995 that the law firm Morgan & Finnegan would be disqualified from representing Novo Nordisk A/S, et al. ("Novo") in all subsequent proceedings in the above-captioned case. Genentech, Inc. ("Genentech") had moved for a preliminary injunction to enjoin Novo from infringing Genentech's patent for human growth hormone product (the " '980 patent"). From May 22, 1995 to June 14, 1995, a hearing was held on this motion and on June 28, 1995, this court granted it. *See Novo Nordisk v. Genentech, Inc.,* 1995 WL 512171 (S.D.N.Y. August 28, 1995), *vacated,* 77 F.3d 1364 (Fed.Cir.1996). It was this court's opinion that expert testimony given at the hearing by a Morgan & Finnegan associate, Mr. Eugene Rzucidlo, was prejudicial to Novo on a critical issue, *i.e.,* whether the meaning of "express" or "expression" included direct expression or cleavable fusion expression, in contravention of Disciplinary Rule 5–102(B) of the New York Code of Professional Responsibility. This Rule provides:

> If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness other than on behalf of the client, the lawyer may continue the representation *until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw* from acting as an advocate before the tribunal.

DR 5–102(B) (emphasis added). In granting the preliminary injunction, Mr. Rzucidlo's testimony was cited extensively by the court. *Novo Nordisk,* 1995 WL 512171 at *9–10. Thus, when the issue of disqualification later arose, this court found that DR 5–102(B) applied and precluded both Mr. Rzucidlo and Morgan & Finnegan from representing Novo.

Following Morgan & Finnegan's disqualification, Novo argued that it was improper to disqualify the law firm along with Mr. Rzucidlo and moved for reconsideration of the August 3, 1995 order. This court reconsidered its decision and affirmed the disqualification order on October 17, 1995. Novo then moved to certify the August 3, 1995 order for interlocutory appeal pursuant to 28 U.S.C. sec. 1292. On December 8, 1995, this motion was also denied. *See Genentech, Inc. v. Novo Nordisk A/S,* 907 F.Supp. 97 (S.D.N.Y. 1995).

Then, on February 26, 1996, the Court of Appeals for the Federal Circuit vacated this court's grant of a preliminary injunction in favor of Genentech. *See Novo Nordisk v. Genentech, Inc.,* 77 F.3d 1364 (Fed.Cir.1996). Whereas this court, in granting the preliminary injunction, had found Mr. Rzucidlo's testimony to support Genentech's argument that the term "expression" included both direct expression and cleavable fusion expression, the Federal Circuit disagreed and explicitly held that the '980 patent's claim 2 covered *only* direct expression. *Novo Nordisk,* 77 F.3d at 1369 ("claim 2 covers only a method of directly expressing human growth hormone and does not encompass a cleavable fusion expression process"). The inescapable implication of the Federal Circuit's decision was that Mr. Rzucidlo's testimony concerning "expression" was not prejudicial to Novo after all.

Immediately following the reversal of the preliminary injunction, Novo moved this court for reconsideration of its August 3, 1995 order yet again. On April 10, 1996, a hearing was held and both sides presented arguments. Since Genentech had petitioned the Federal Circuit for rehearing and rehearing *in banc* of its motion for a preliminary injunction, Genentech argued in part that it would be premature to vacate Morgan & Finnegan's disqualification. This court accordingly reserved decision to await the Federal Circuit's ruling on Genentech's contemporaneous petition. On April 16, 1996, the Federal Circuit denied Genentech's petition and on April 23, 1996, the Court issued its mandate. Thus no possibility of an imminent change in the Federal Circuit's decision remains.

 To establish a violation of DR 5–102(B), "[t]he moving party bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur *and that the likelihood of prejudice is substantial.*" *Tisby v. Buffalo General Hosp.*, 157 F.R.D. 157, 166 (W.D.N.Y.1994) (emphasis added). The challenged advocate's testimony must be "sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or client might have an interest in the lawyer's independence in discrediting that testimony." *Rice v. Baron*, 456 F.Supp. 1361, 1371 (S.D.N.Y.1978); *see also, Ocean–Clear, Inc. v. Continental Casualty Co.*, 94 A.D.2d 717, 462 N.Y.S.2d 251 (2d Dep't 1983).

 This court appreciates Genentech's argument, made at the April 10, 1996 hearing and in its briefs, that Mr. Rzucidlo's testimony is now automatically part of the trial record pursuant to Fed.R.Civ.P. 65. As Genentech recognizes, it has the right to address Mr. Rzucidlo's testimony and, if it wishes, to impeach him at trial. However, given the Federal Circuit's pronouncement on the meaning of "expression" and its decision to vacate the award of preliminary injunctive relief, this court can no longer agree with Genentech's position that Mr. Rzucidlo's testimony poses a substantial likelihood of prejudice to *Novo*. *See Tisby*, 157 F.R.D. at 166. It follows that Morgan & Finnegan's disqual-

ification is not mandated by DR 5–102(B) or the law of this Circuit.

Accordingly, this court's August 3, 1995 order disqualifying the law firm Morgan & Finnegan is hereby vacated.

## *ORDER*

In accordance with the accompanying Memorandum Opinion, this court's August 3, 1995 order disqualifying the law firm Morgan & Finnegan is hereby vacated.

So Ordered.