**Ellen P. FULFREE, Plaintiff,**

v.

**Robert MANCHESTER and Manchester Law Offices, Defendants.**

**No. 95 Civ. 7723 (DC).**

United States District Court, S.D. New York.

Nov. 26, 1996.

Richard W. Fulfree, Yonkers, NY, for plaintiff.

Kopff, Nardelli & Dopf by Martin B. Adams, New York City, for defendants.

### MEMORANDUM DECISION

CHIN, District Judge.

Plaintiff Ellen Fulfree brings this case against defendants Robert Manchester and Manchester Law Offices for malpractice and fraud in connection with defendants' handling of a personal injury action previously brought by plaintiff against the manufacturer of Dalkon Shield IUD's. Defendants now move to disqualify Richard Fulfree, Esq., plaintiff's husband and attorney, from representing her in this action. Defendants' motion is granted. Because Mr. Fulfree undoubtedly will be a material witness in this action, both as to liability and damages, he is disqualified from serving as plaintiff's counsel.

### FACTS

In 1981, plaintiff retained defendant Robert Manchester to represent her in a personal injury action against A.H. Robins Co., Inc. (which became an action against the Dalkon Shield Claimants Trust after A.H. Robins

went into bankruptcy) for injuries she sustained after prolonged use of the Dalkon Shield IUD.[1] Several years later, differences between plaintiff and Robert Manchester prompted him to request to be relieved as plaintiff's counsel. (Adams Aff.Ex. E, F. & G). The motion to withdraw was granted on January 24, 1995. (*Id.* Ex. H). Thereafter, Mr. Fulfree represented the plaintiff in her personal injury action and apparently settled the case on her behalf. (*Id.* ¶16, Ex. L).

On August 15, 1995, plaintiff filed a summons and complaint against Robert Manchester and Manchester Law Offices in Westchester County Supreme Court alleging attorney malpractice and fraud. (Adams Aff. Ex. I). Defendants removed the action to this Court pursuant to 28 U.S.C. § 1446.[2]

In a letter dated October 2, 1995, counsel for defendants urged Richard Fulfree to withdraw as plaintiff's counsel in this action because he would be a "material witness" at trial. (Adams Aff.Ex. L). Mr. Fulfree responded to this letter on October 6, 1995 indicating that he had no intention of withdrawing. (*Id.* Ex. M). Defendants thereafter moved to disqualify Richard Fulfree as plaintiff's counsel pursuant to New York's Disciplinary Rule ("DR") 5–102(B), the advocate-witness disqualification rule.[3]

### *DISCUSSION*

■ The Code of Professional Responsibility provisions pertaining to disqualification are grouped under Canon 5: "A Lawyer Should Exercise Independent Professional Judgment on Behalf of a Client." · The reason for disqualification of an advocate-witness is rooted in the concept that a "lawyer's professional judgment should be exercised for the client's benefit, free of compromising influences and loyalties." *S & S Hotel Ventures Ltd. Partnership v. 777 S.H. Corp.,* 69 N.Y.2d 437, 515 N.Y.S.2d 735, 738, 508 N.E.2d 647, 650 (1987). Moreover, from a public image perspective, the roles of an advocate and a witness are inconsistent because the public might think that the lawyer is distorting the truth for the sake of the client. *See, e.g., Munk v. Goldome Nat'l Corp.,* 697 F.Supp. 784, 788 (S.D.N.Y.1988).

■ Nonetheless, motions to disqualify opposing counsel are viewed with disfavor because they impinge on parties' rights to employ the counsel of their choice. *See, e.g., Stratavest Ltd. v. Rogers,* 903 F.Supp. 663, 666 (S.D.N.Y.1995). To establish a violation of DR 5–102(B), the moving party "bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice is substantial." *Genentech, Inc. v. Novo Nordisk A/S,* 923 F.Supp. 61, 63 (S.D.N.Y. 1996). In addition, the drastic remedy of disqualification based on the advocate-witness rule is subject to strict scrutiny because of the strong potential for abuse to "stall and derail the proceedings, redounding to the strategic advantage of one party over another." *S & S Hotel Ventures,* 515 N.Y.S.2d at 738, 508 N.E.2d at 650.

■ While the Code's ethical standards cannot be denigrated or ignored, its provisions cannot be applied "as if they were

1. When Robert Manchester agreed to represent plaintiff, he was a member of Lisman & Lisman, a Vermont partnership. (Adams Aff.Ex. B at: 1). Mr. Manchester left that firm to form Manchester & O'Neill, a professional corporation. (*Id.* at 2). When Mr. O'Neill withdrew from the corporation, the name of the firm was changed to Manchester Law Offices, P.C. (*Id.*). At all times, however, defendant Robert Manchester was principally responsible for handling the plaintiff's personal injury action.

2. After defendants removed the case, plaintiff moved to remand. That motion was denied by this Court on January 2, 1996. Plaintiff's appeal to the Second Circuit was dismissed for lack of jurisdiction on October 4, 1996.

3. Disciplinary Rule 5–102 deals with the withdrawal of counsel when the lawyer becomes a witness. Subsection (B) reads as follows:

If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer or a lawyer in his or her firm may be called as a witness other than on behalf of the client, the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client at which point the lawyer and the firm must withdraw from acting as an advocate before the tribunal.

N.Y.Jud.Law Code of Professional Responsibility, DR 5–102(B) (McKinney 1992). *Defendants also cited DR 5–101(C) in their motion to disqualify.*

controlling statutory or decisional law." *Id.* at 738, 508 N.E.2d at 650. When the Code applies in an equitable manner, it should be enforced with vigor. In an area of uncertainty, however, decisions should be made in the interests of justice to all concerned. *See J.P. Foley & Co., Inc. v. Vanderbilt,* 523 F.2d 1357, 1360 (2d Cir.1975) (Gurfein, J., concurring).

Defendants maintain that they will both depose Mr. Fulfree and call him as a witness at trial, and contend that the testimony of Mr. Fulfree will be prejudicial to plaintiff. To support this claim, defendants allege that Mr. Fulfree's testimony at trial and his deposition testimony will reveal: (1) that Mr. Fulfree disrupted the attorney-client relationship between plaintiff and defendants; (2) that plaintiff's damages were the result of Mr. Fulfree's, not Robert Manchester's, conduct; (3) that Mr. Fulfree's subsequent representation of plaintiff in her personal injury action serves as a defense to the instant malpractice action; and (4) that Mr. Fulfree's physical condition tended to support the Dalkon Shield Trust's defense that a sexually transmitted disease rather than the Dalkon Shield IUD caused plaintiff's personal injuries. (Adams Aff. ¶¶ 22–30). Defendants point out that Mr. Fulfree was deposed as a non-party witness in the underlying action. (*See* Adams Aff.Ex. P).

Defendants also urge that the "substantial hardship test" enumerated in DR 5–101(B)(4) does not apply to motions to withdraw pursuant to DR 5–102(B).[4] (Adams Reply Aff. ¶¶ 16, 17). In any event, defendants maintain that plaintiff will not suffer any substantial hardship should Mr. Fulfree be required to withdraw as counsel. They assert that Mr. Fulfree will still be able to advise the plaintiff with respect to the case, and there is no proof that obtaining new counsel will be difficult or unduly expensive. (*Id.* ¶¶ 18, 19).

Plaintiff raises a number of arguments in support of her claim that Richard Fulfree need not be disqualified from serving as her pre-trial counsel in this matter.[5] Plaintiff maintains that she will suffer grave hardship should she be required to find new counsel to represent her at this stage in the litigation. (Richard W. Fulfree Aff. at 7–8; Ellen Fulfree Aff. at 2; Pl.Mem. at 6–7). In addition, plaintiff argues at length that there is no conflict of interest present in the instant case that would justify requiring Mr. Fulfree to withdraw as counsel. (Ellen Fulfree Aff. at 2; Pl.Mem. at 1–4). Finally, plaintiff claims that there is no proof that she will be harmed by having Mr. Fulfree represent her during the pre-trial aspect of this litigation. (Pl. Mem. at 4–6).

■ As an initial matter, I find that the majority of plaintiff's arguments with respect to this motion are either irrelevant or without merit. Irrespective of whether plaintiff is entitled to use substantial hardship as a defense to this motion, I am not persuaded that she has made a proper showing in that regard. Thus, Mr. Fulfree may not both act as an advocate for his wife and also testify on her behalf. *See* DR 5–101. The fact that plaintiff has consented to Mr. Fulfree's continued representation—intimating that she will *not* call him as a witness [6]—is beside the point because defendants maintain that they intend to use Mr. Fulfree as a witness.[7]

---

**4.** Disciplinary Rule 5–101 concerns when a lawyer should refuse employment. The rule states that a lawyer shall not accept employment that contemplates the lawyer acting as an advocate before any tribunal if the lawyer knows (or it is obvious) that the lawyer ought to be called as a witness on behalf of the client. However, the lawyer may act as an advocate and may also testify as to any matter, "if disqualification as an advocate would work a substantial hardship on the client because of the distinctive value of the lawyer as counsel in the particular case." N.Y.Jud.Law Code of Professional Responsibility, DR 5–101(B)(4) (McKinney 1992).

**5.** Plaintiff repeatedly assures the Court in her papers that Mr. Fulfree has no intention of acting as trial counsel in this matter. However, plaintiff maintains that, if Mr. Fulfree did desire to try this case, there is no ethical reason barring him from so doing.

**6.** Indeed, that plaintiff could be deprived of a potentially helpful witness on damages—her husband—shows the prejudice that could result from permitting Mr. Fulfree to continue as her attorney.

**7.** Disciplinary Rule 5–102(A) concerns when a lawyer should withdraw as counsel upon learning that the lawyer ought to be called as a witness on behalf of the client. In the instant matter, DR 5–102(A) is not at issue.

Moreover, Mr. Fulfree's claim that he "can see no possibility [that he] will testify in this case" because both the attorney-client privilege and the marital privilege would prohibit him from testifying is patently absurd, for the reasons set forth below. (Richard W. Fulfree Aff. at 3; *see also* Adams Reply Aff. at 3–4). There is no justification for allowing Mr. Fulfree to represent plaintiff during the pre-trial aspect of this litigation when it is clear that he may be a material witness at trial, and it is clear that he could be required to testify.

I find that the defendants have proven that the likelihood of prejudice to the plaintiff would be substantial if Mr. Fulfree were to continue to be her counsel. Mr. Fulfree is a material witness in this action in several respects. His testimony is necessary regarding: (1) defendants' alleged deficiencies in representing plaintiff in the underlying lawsuit; (2) his subsequent representation of plaintiff in the underlying action; (3) damages in the underlying action—the nature and extent of plaintiff's injuries (including her ability to have intimate marital relations); (4) causation in the underlying action and whether plaintiff's injuries were caused or exacerbated by factors other than the use of the Dalkon Shield IUD (including, for example, Mr. Fulfree's own physical condition); and (5) damages in the present action. These are *core* issues as to which Mr. Fulfree may have to testify.

Clearly, Mr. Fulfree's success or lack thereof as a witness may affect his success as a lawyer and vice versa. Moreover, Mr. Fulfree cannot fulfill his role as counselor, giving neutral and dispassionate advice (from a professional standpoint), when he is also a husband who has a stake in the outcome of the litigation. Finally, it makes no sense to permit Mr. Fulfree to continue as pre-trial counsel only to require someone new to come in to learn the case when it goes to trial.

### CONCLUSION

For the foregoing reasons, defendants' motion to disqualify Mr. Fulfree as plaintiff's counsel is granted. Mr. Fulfree is hereby disqualified from representing plaintiff in this action. A status conference will be held on January 17, 1997, at 4:00 p.m., by which time plaintiff shall obtain new counsel, who shall attend the conference on her behalf.

SO ORDERED.