■ RING NETWORK, INC., et al., Respondents, v JACK B. SOLERWITZ et al., Appellants.—In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Levitt, J.), dated September 16, 1985, which granted the plaintiffs' motion for a

protective order and denied their cross motion for a protective order and for a "declaratory judgment" disqualifying the plaintiffs' attorney.

Ordered that the order is modified, by adding a provision that the motion is denied, without prejudice to a further application by the defendants for leave to depose the plaintiffs' counsel, upon proper notice, if it is warranted. As so modified, the order is affirmed, with costs.

The branch of the defendants' cross motion which was to disqualify the plaintiffs' counsel was supported only by an affidavit containing vague and conclusory allegations. Additionally, the defendants' pleadings do not contain any allegations concerning the plaintiffs' attorney. Thus, the defendants failed to demonstrate that the plaintiffs' counsel knew, at the commencement of his representation, that it was "obvious" that he "ought to be called as a witness" *(see,* Code of Professional Responsibility, DR 5-102 [B]). There is also a total absence of proof that if the plaintiffs' counsel was called as a witness other than on behalf of his client, that his testimony might be prejudicial to his client *(see,* Code of Professional Responsibility, DR 5-102 [B]). It is apparent that at this early stage in the proceedings, the defendants have failed to come forward with sufficient proof to disqualify the plaintiffs' attorney *(see, Ocean-Clear, Inc. v Continental Cas. Co.,* 94 AD2d 717). Therefore, Special Term's granting of a protective order with respect to the deposition of the plaintiffs' attorney was proper for procedural reasons *(see,* CPLR 3107, 3101 [a] [4]). However, this determination is without prejudice to a further application by the defendants for leave to depose the plaintiffs' counsel, upon proper notice, if it is warranted *(see, Ocean-Clear, Inc. v Continental Cas. Co., supra; Planned Indus. Centers v Eric Bldrs.,* 51 AD2d 586). Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.