■ ARTHUR SPERR, Plaintiff, v GORDON L. SEAMAN, INC., Defendant and Third-Party Plaintiff, and ZVI CONSTRUCTION COMPANY, INC., Appellant. NATIONAL AMUSEMENTS et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [727 NYS2d 456] —In an action to recover damages for personal injuries, the defendant ZVI Construction Company, Inc., appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered December 21, 2000, which granted the motion of the third-party defendants National Amusements and Hicksville Cinemas to disqualify the attorney for ZVI Construction Company, Inc.

Ordered that the order is affirmed, with costs.

The defendant ZVI Construction Company, Inc. (hereinafter ZVI) was represented in this case by the firm of McAndrew, Conboy & Prisco (hereinafter MCP). Under the circumstances of this case, the position of ZVI appears to be adverse to that of the third-party defendant Hicksville Cinemas (hereinafter Hicksville). The evidence produced in connection with the motion by Hicksville and the third-party defendant National Amusements to disqualify MCP establishes that MCP had previously undertaken the defense of Hicksville in connection with personal injury actions brought by Mikel Skinner and Robert Milani.

The motion to disqualify was premised on the alleged incompatibility of the role of MCP in successively, or simultaneously,

representing both Hicksville and a party adverse to Hicksville, i.e., ZVI. It appears that the accident underlying the present case occurred at the same location as the accidents underlying both the Skinner and the Milani cases. Kevin McAndrew, the attorney at MCP familiar with those two cases, as well as the instant one, affirmed that the Milani case was settled in January 2000, and that the Skinner case was settled in October of 2000. Hicksville contends that while that representation continued, MCP opposed Hicksville's motion for summary judgment in the present case.

Under all the circumstances presented here, and bearing in mind that "doubts as to the existence of a conflict of interest must be resolved in favor of disqualification" (*Heelan v Lockwood,* 143 AD2d 881, 883), the Supreme Court providently exercised its discretion (*see, Horn v Municipal Information Servs.,* 282 AD2d 712; *Matter of Epstein,* 255 AD2d 582) in granting the motion to disqualify. This case involves a law firm which, even if for a relatively brief time, represented a client in one personal injury case while simultaneously opposing relief sought by that same client in a separate personal injury case involving the same premises. Thus, there is a more serious risk of an appearance of impropriety than in the case of a lawyer who later adopts a position which is adverse to that of a former client in a substantially related matter (*see,* Code of Professional Responsibility DR 5-108 [22 NYCRR 1200.27]; *Kassis v Teacher's Ins. & Annuity Assn.,* 93 NY2d 611; *Cardinale v Golinello,* 43 NY2d 288). Although ZVI contends that there is no proof of a risk that a client confidence might be betrayed, under the circumstances, we do not regard this factor as decisive (*see, Cardinale v Golinello, supra; cf., Kassis v Teacher's Ins. & Annuity Assn., supra; see also, 562 Eglinton v Merlo,* 277 AD2d 1027; *Press v Lozier,* 239 AD2d 879). Santucci, J. P., Goldstein, H. Miller and Crane, JJ., concur.