[757 NYS2d 521]

CARMEN ORTIZ, Appellant, v TAMMY SANTIAGO, Defendant, and
DEIDRE SELVIN BROWN et al., Respondents.

First Department, March 4, 2003

### APPEARANCES OF COUNSEL

*Arnold E. DiJoseph, III,* of counsel (*DiJoseph & Portegello, P.C.* and *Parker & Waichman,* attorneys), for appellant.

*Richard E. Lerner* of counsel (*Cynthia A. Neugebauer* on the brief; *Wilson, Elser, Moskowitz, Edelman & Dicker, LLP* and *Law Offices of Irwen C. Abrams,* attorneys), for respondents.

### OPINION OF THE COURT

SULLIVAN, J.

This is an appeal from the grant, without any reason or explanation, of defendants' motion to vacate a default judgment and for leave to serve an answer.

The verified complaint alleges that on July 30, 2000, plaintiff, a passenger in an automobile owned and operated by defendant Santiago, was injured when the Santiago vehicle came into contact with a vehicle owned by defendant Deidre Selvin Brown and operated by defendant Leroy Brown. The affidavits of service on the defendants Brown both allege that service was effected on March 17, 2001 by delivery to one "John Smith," described as a person of suitable age and discretion, at 921 E. 241st Street in the Bronx, followed by a mailing to the named defendants at that address.

Both Brown defendants failed to answer, as a result of which plaintiff moved, on May 31, 2001, for a default judgment. That motion was granted, on default, by order entered June 4, 2001, a copy of which with notice of entry was served on June 27, 2001 on these defendants at the same address at which service of the summons and verified complaint was effected. By order to show cause dated August 10, 2001, the Brown defendants, Deidre Selvin Brown, claiming her actual name is Deidre Brown-Selvin, and Leroy Brown, claiming that his actual name is Jefferoy O. Brown, moved to vacate the default judgment pursuant to CPLR 317 and 5015 (a) and for leave to serve an answer. The address indicated for Deidre in the order to show

cause was 4714 Carpenter Avenue in the Bronx; the address for Jefferoy was the same as that alleged in the affidavit of service, 921 E. 241st Street.

Both defendants proffered what purported to be a reasonable excuse and meritorious defense. According to their attorney's affirmation, he learned of the lawsuit when the Browns' insurer faxed him a copy of the default judgment. Both defendants claimed that the summons and complaint were delivered to a nonexistent "John Smith" since no such person lived at 921 E. 241st Street. In support of her claim of a surname different from Selvin Brown, Deidre submitted a July 3, 2001 Department of Motor Vehicles computer printout of her car registration and insurance information showing her name as Brown-Selvin, rather than Selvin Brown; by affidavit, she averred that she had been residing at 4714 Carpenter Avenue, Bronx since April 1, 2000, prior to the July 30, 2000 accident and March 17, 2001 alleged service of process. She also asserted that no one in her household received any process relating to the lawsuit.

Jefferoy, by affidavit, while conceding that he lived at 921 E. 241st Street in the Bronx, denied that anyone in his household ever personally received any papers in this lawsuit. While conceding his involvement in the automobile accident, he maintained, as a meritorious defense, that a car suddenly changed lanes in front of him and came to a sudden stop, causing his vehicle to strike that car in the rear. The Browns submitted a proposed joint answer, which, significantly, did not challenge personal jurisdiction.

In opposition to the motion, plaintiff argued that, in lieu of a reasonable excuse, defendants were raising a challenge to personal jurisdiction, which, if accepted, would render unnecessary the two-pronged requirement of a showing of both a reasonable excuse and meritorious defense. In any event, plaintiff pointed out, the jurisdictional challenge presented only sham issues of fact, given that, whatever his true name, Jefferoy Brown admitted his involvement in the accident. The police report, which requires "Driver's Name—exactly as printed on license," lists his name as "Leroy" Brown and he conceded that he lives at the stated address. Deidre's claim of ineffective service, plaintiff argued, was equally unavailing since, despite the inversion of her name on the summons and complaint, she was that person and she never denied having lived at the service address, which was listed on the police report and apparently taken from her registration by a police officer at the scene. As

noted, the motion court vacated the default without providing its reasoning. Since, as this record shows, these defendants, who are playing fast and loose with the court, have failed to make the requisite showing for the vacatur of their default, the motion should have been denied.

As plaintiff properly argued in opposition to the motion, had the service been improper, as defendants claimed, there would have been a lack of jurisdiction over them and hence no need of a showing of reasonable excuse and meritorious defense (*see European Am. Bank v Legum*, 248 AD2d 206, 207 [1998]; *European Am. Bank & Trust Co. v Serota*, 242 AD2d 363 [1997]). And, of course, if a genuine question is raised as to the proper service, the proper remedy is to direct a hearing to determine whether the service claimed was, indeed, defective (*European Am. Bank & Trust Co. v Serota, supra; cf. Vita v Heller*, 97 AD2d 464, 465 [1983]). Inasmuch as the only excuse offered for the default is the improper service argument, which we find worthless, defendants have no excuse for the default, which should have been left standing.

As to the challenge to the service, there can be no doubt that Deidre Selvin Brown and Deidre Brown-Selvin are one and the same. The police report lists the owner, "exactly as printed on registration" as "Brown, Selvin, Deidre." While Ms. Brown-Selvin claimed that she lived at 4714 Carpenter Ave. since April 1, 2000, she never denied having lived at 921 E. 241st Street, the address the responding officer wrote on the police report, undoubtedly taken from the registration on July 30, 2000, the date of the accident. And, it is more than just a coincidence that it is the same address where her codefendant, the driver, actually lives. Clearly, Deidre Brown-Selvin or Deidre Selvin Brown lived at or used that address and listed it on the vehicle registration.

Interestingly, the Department of Motor Vehicles computer printout, which Ms. Brown-Selvin submits as proof that she lived at 4714 Carpenter Avenue, is dated July 3, 2001, nearly one year after the accident. Even if she moved three months prior to the accident, as she claims, her failure to notify the Department of Motor Vehicles of her change of address would not serve to vitiate a service otherwise proper, as here, made at the registered address. It is the car registrant's obligation to keep his or her address current. "Vehicle and Traffic Law § 505 (5) requires that every motor vehicle licensee notify the Commissioner of Motor Vehicles of any change of residence within 10 days of the change. A party who fails to comply with this

provision will be estopped from challenging the propriety of service which is made to the former address" (*Pumarejo-Garcia v McDonough*, 242 AD2d 374, 375 [1997]).[1] Finally, the affidavit of service sets forth in detail the description of "John Smith," the person who accepted service of the summons and complaint on behalf of this defendant and her codefendant. There has been no claim, much less a showing, that this person was not of suitable age and discretion. Clearly, defendant Deidre Brown-Selvin has failed to rebut the presumption that service was properly effected as set forth in the affidavit of service.

As with his codefendant, Mr. Brown has similarly failed to rebut the presumption of proper substituted service as created by the affidavit of service. Despite his assertion that he never has been known by any name other than Jefferoy O. Brown, the police report, which requires "Driver's Name—exactly as printed on license," lists his name as Leroy Brown. And it is significant that, although claiming to do so, defendant failed to attach his driver's license to his affidavit in support of the motion.[2] Since defendant admitted living at the address in question and being the driver of the vehicle in question, one can only wonder where the name Leroy Brown came from except from defendant himself. In any event, the argument is pointless. Whether his name is Leroy or Jefferoy, as he claims, this defendant, who admits he is the driver involved in the accident, was served at the address where he actually lives by delivery to a "John Smith," whose suitable age and discretion he does not question. Thus, the service on him is unassailable.

Significantly, as the record shows, the order granting the motion for a default judgment was faxed to defendants' insurance carrier only two days after it was mailed to defendants at the address where service of the summons and complaint was effected. Neither defendant explains how the default judgment managed to reach them, given the alleged incorrect name for both of them and the incorrect address for one of them. Obviously, the default judgment made a greater impression on them than did the summons and complaint.

---

1. Nor, in light of defendant's failure to notify the Department of Motor Vehicles of her new address, would service at her former address constitute a reasonable excuse for her default (*see Lawrence v Esplanade Gardens,* 213 AD2d 216 [1995]; *Crespo v A.D.A. Mgt.,* 292 AD2d 5 [2002]).

2. The Department of Motor Vehicles printout for "Brown, Jefferoy O." is dated July 3, 2001 and therefore does not establish that, at the time of the accident, Mr. Brown was identified as "Jefferoy" on his driver's license.

Where, as here, a defendant fails to respond to a complaint in the statutorily prescribed time, the plaintiff is entitled to a default judgment (*Republic Ins. Co. v Northern Aire Dev.*, 88 AD2d 973 [1982]). Once entered, a default is subject to vacatur only on a showing that satisfies the applicable requirements. "The standards governing * * * a motion [to vacate a default judgment] are a reasonable excuse for the default, the timeliness of the motion to vacate the default, and the existence of a meritorious defense to the action." (*Frenchy's Bar & Grill v United Intl. Ins. Co.*, 251 AD2d 177, 177 [1998]; *see Stewart v Warren*, 134 AD2d 585 [1987].) Here, as noted, the only excuse offered is the meritless improper service argument. Since defendants have no excuse for the default, the motion to vacate should, as a matter of law, be denied.

Accordingly, the order of the Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about October 1, 2001, granting defendants' motion to vacate the default judgment and for leave to serve an answer, should be reversed, on the law, with costs and disbursements, and the motion denied.

Tom, J.P., Andrias, Rosenberger and Gonzalez, JJ., concur.

Order, Supreme Court, Bronx County, entered on or about October 1, 2001, reversed, on the law, with costs and disbursements, and defendants-respondents' motion to vacate the default judgment and for leave to serve an answer denied.