OPINION OF THE COURT
Ellen Gesmer, J.
*988 At the inquest of this commercial holdover case, petitioner’s counsel contended that he should be permitted to prove service of the 30-day notice by submission of the process server’s affidavit of service. The court rejects this argument, since the affidavit does not come within any exception to the hearsay rule nor does it state facts of which the court may take judicial notice. However, rather than denying the inquest, the court will set a further date for the submission of testimony on this issue, since counsel was acting on the good faith belief that he would be able to prove this element of his case through submission of the affidavit.
Procedural History
This matter was commenced by filing a petition and notice of petition on July 2, 2004. Respondent was served by substituted service on July 13, 2004. On the first return date, July 19, 2004, respondent failed to appear. The matter was adjourned to August 6, 2004 for an inquest, and the court sent a card with the new date to respondent. On August 6, respondent again did not appear and the matter was adjourned to August 26, 2004.
On August 26, 2004, respondent again did not appear, and the court conducted an inquest. Petitioner’s counsel called Rhea Sohn Vadher, the managing agent of petitioner, as his witness. Petitioner’s counsel submitted into evidence a certified copy of the deed, identifying petitioner as the owner of the property at 657 Fulton Street, Brooklyn. Ms. Vadher testified that respondent Carmelo Romano occupies the third floor, left, at 657 Fulton Street, Brooklyn, New York, pursuant to a written lease, which was admitted into evidence.
Petitioner’s counsel then offered into evidence the affidavit of service of the 30-day notice and noted that the document was in the court file as an attachment to the petition. The court pointed out that the affidavit was hearsay, and asked for authority for admitting the affidavit into evidence. Counsel represented that, in prior inquests, he had always been permitted to enter the affidavit of service of the 30-day notice into evidence. He asked for additional time to submit authority, which the court granted.
Counsel then completed the examination of Ms. Vadher, who established that respondent remained in possession after the date set in the 30-day notice. The court then took the matter on submission, subject to receipt of additional authority on the admissibility of the affidavit of service of the 30-day notice.
Analysis
The inquest in this case was necessitated by RPAPL 731, as interpreted by the Court of Appeals in Matter of Brusco v Braun *989 (84 NY2d 674, 681 [1994]). Under RPAPL 731, a notice of petition in a summary proceeding to obtain possession of real property, for any reason other than nonpayment of rent, must specify a date on which a hearing will be held. The Court of Appeals has held that this provision requires that a court must hold a hearing, before entering judgment, in all summary proceedings except those brought for nonpayment (Matter of Brusco v Braun, 84 NY2d 674, 681 [1994]). The Court of Appeals pointed out that RPAPL 731 is far more stringent than RPAPL 732 which permits a court to enter judgment in nonpayment proceedings based solely on a properly verified petition and proof of service. Similarly, it is more stringent than CPLR 3215 (f), which permits a court to enter a judgment based solely on proof of service and “proof by affidavit made by the party of the facts constituting the claim, the default and the amount due.” Therefore, in this case, the court properly set down this commercial holdover for an inquest to determine if petitioner was entitled to entry of judgment.
Since an inquest is a hearing, albeit a one-sided one, the rules of evidence apply, and petitioner must prove each element of his prima facie case in order to prevail. Accordingly, since petitioner offered the process server’s affidavit of service into evidence to establish the truth of the statements in the document, he must show that the affidavit comes within an exception to the hearsay rule (Prince, Richardson on Evidence § 8-101 [Farrell 11th ed]). The only provision of the CPLR directly on point is CPLR 4531 which provides: “An affidavit by a person who served, posted or affixed a notice, showing such service, posting or affixing is prima facie evidence of the service, posting or affixing if the affiant is dead, mentally ill or cannot be compelled with due diligence to attend at the trial.” Applying the maxim “expressio unius est exclusio alteráis” to this provision leads to the conclusion that the three circumstances enumerated in CPLR 4531 are the only situations in which a process server’s affidavit may be admitted. Indeed, if a process server’s affidavit were generally admissible, this statute would be unnecessary. Therefore, the process server’s affidavit cannot be admitted.
Petitioner argues, however, that the process server’s affidavit creates a presumption that service was properly effected, relying on Ortiz v Santiago (303 AD2d 1 [1st Dept 2003]). However, Ortiz is irrelevant to this case. In Ortiz, the Court was deciding a motion to vacate a default judgment, based on affidavits *990 submitted on the motion. Consequently, the Court did not address the admissibility of a process server’s affidavit of service. Similarly, the other decisions that the court has located which refer to a process server’s affidavit as prima facie proof of the facts contained in the affidavit all arose in the context of motions to vacate default judgments, which were submitted on affidavits. (See, e.g., NYCTL 1997-1 Trust v Nillas, 288 AD2d 279 [2d Dept 2001]; Kaywood v Cigpak, Inc., 258 AD2d 623 [2d Dept 1999]; Wieck v Halpern, 255 AD2d 438 [2d Dept 1998].) Therefore, none of them is relevant to the admissibility of a process server’s affidavit at a hearing.
Alternatively, petitioner argues that the court should take judicial notice of the process server’s affidavit. The court rejects this argument, since the affidavit does not contain the kind of facts of which a court may take judicial notice. Judicial notice refers to two distinct concepts: the power, and sometimes obligation, of a court to apply certain principles of law, and the principle that certain kinds of facts need not be proven. (Prince, Richardson on Evidence § 2-101 [Farrell 11th ed].) Only the former is explicitly adopted in New York by statute. (CPLR 4511.) Under New York law, a court may take judicial notice of facts “which everyone knows” (States v Lourdes Hosp., 100 NY2d 208, 213 [2003]), or which are “common knowledge” or “notorious” or indisputable (People v Darby, 263 AD2d 112, 114 [1st Dept 2000]; People v Jovanovic, 263 AD2d 182, 203 [1st Dept 1999]). Consistent with this principle, a court may take notice, for example, of census data (Affronti v Crosson, 95 NY2d 713, 720 [2001]), or the day of the week when a particular date occurred (Matter of Griffin v Ward Lbr. Co., 3 Misc 3d 959, 960 [Sup Ct, St. Lawrence County 2004]), or the alternation of day and night or the sequence of the seasons (Prince, Richardson on Evidence, §§ 2-203, 2-204 [Farrell 11th ed]). Clearly, the date and time when the process server in this case claims to have made service on the respondent is not such a matter of general knowledge.
Based on the above, the court may neither admit the process server’s affidavit into evidence, nor take judicial notice of its contents.
Given the absence of proof of service of the 30-day notice, the court could simply dismiss the proceeding. However, counsel represented that in prior inquests he has always been permitted *991 to prove service of the 30-day notice by submission of the affidavit of the process server. In view of that representation, the court will permit counsel to call a further witness to prove service of the 30-day notice.