■ GERALD ZUTLER, Respondent, v DRIVERSHIELD CORP., Doing Business as DRIVERSHIELD.COM CORP., et al., Appellants. [790 NYS2d 485]—

In an action, inter alia, to recover damages for breach of contract and age discrimination, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated January 8, 2004, as granted the plaintiff's motion to disqualify the defendants' attorney.

Ordered that the order is reversed insofar as appealed from, on the facts and as a matter of discretion, with costs, and the motion is denied.

Although the disqualification of an attorney is a matter which rests within the sound discretion of the trial court (*see Boyd v Trent*, 287 AD2d 475 [2001]), a party's entitlement to be represented in ongoing litigation by counsel of its choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp.*, 69 NY2d 437, 443 [1987]). Disqualification is warranted if the attorney's testimony, inter alia, is necessary (*id.*). The challenging party carries the burden of demonstrating necessity (*id.* at 445).

The plaintiff's motion to disqualify the defendants' attorney was supported by affidavits that were speculative and conclusory as to the attorney's personal knowledge of the conduct at issue (*id.* at 446; *see Frias v Frias*, 155 AD2d 585 [1989]; *Plotkin v Interco Dev. Corp.*, 137 AD2d 671 [1988]; *Ring Network v Solerwitz*, 125 AD2d 561 [1986]). Thus, the plaintiff failed to meet his burden of establishing that the testimony of the defendants' attorney was necessary, and the Supreme Court improvidently exercised its discretion in disqualifying the attorney. Krausman, J.P., Mastro, Spolzino and Fisher, JJ., concur.