■ ESTHER HALBERSTAM, Appellant, v MICHAEL HALBERSTAM, Respondent. [995 NYS2d 738]—

In an action for divorce and ancillary relief, the plaintiff appeals, as limited her brief, from so much of an order of the Supreme Court, Kings County (Adams, J.), dated June 24, 2013, as granted that branch of the defendant's motion which was to disqualify the plaintiff's counsel.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action for divorce and ancillary relief against the defendant. The plaintiff was represented by Eric A. Schwartz, who is the parties' brother-in-law and is married to the plaintiff's sister. During the pendency of the action, the defendant moved, inter alia, to disqualify Schwartz from representing the plaintiff, alleging that prior to the commencement of the action he had discussed confidential information about his finances and other personal matters with Schwartz. The defendant further alleged that these discussions took place after Schwartz assured him that he could not represent either party in any future litigation because of his personal relationship with both of them. The Supreme Court granted that branch of the defendant's motion which was to disqualify Schwartz.

The disqualification of an attorney is a matter that rests within the sound discretion of the court (*see Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC*, 109 AD3d 549, 550 [2013]; *Albert Jacobs, LLP v Parker*, 94 AD3d 919 [2012]; *Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d 383 [2005]; *Nationwide Assoc. v Targee St. Internal Medicine Group*, 303 AD2d 728 [2003]). A party's right to be represented by counsel of his or her own choosing is a valued right which will not be superseded absent a clear showing that disqualification is warranted (*see Mediaceja v Davidov*, 119 AD3d 911 [2014]; *Zutler v Drivershield Corp.*, 15 AD3d 397 [2005]). The moving party bears the burden of showing that disqualification is warranted (*see Aryeh v Aryeh*, 14 AD3d 634 [2005]). Any doubts as to the existence of a conflict of interest must be resolved in favor of disqualification (*see Sperr v Gordon L. Seaman, Inc.*, 284 AD2d 449, 450 [2001]). Moreover, even when an actual conflict of interest may not exist, disqualification may be war-

ranted based on a mere appearance of impropriety (*see Albert Jacobs, LLP v Parker*, 94 AD3d at 919; *Burton v Burton*, 139 AD2d 554 [1988]; *Sirianni v Tomlinson*, 133 AD2d 391 [1987]).

Here, contrary to the plaintiff's contention, the evidence submitted on the motion demonstrated that the discussions between Schwartz and the defendant included matters related to the divorce, and took place prior to the defendant becoming aware that Schwartz would be representing the plaintiff in the case. The evidence further supported the reasonable probability that confidential information was shared by the defendant with Schwartz, based on his belief that Schwartz could not represent either party. Accordingly, based on the appearance of impropriety, disqualification was warranted (*see Albert Jacobs, LLP v Parker*, 94 AD3d at 919; *Burton v Burton*, 139 AD2d 554 [1988]; *Sirianni v Tomlinson*, 133 AD2d 391 [1987]).

The plaintiff's remaining contentions are without merit.

Therefore, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to disqualify Schwartz. Dickerson, J.P., Leventhal, Sgroi and LaSalle, JJ., concur.