*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 23, 2015                    519018
_____

In the Matter of RAYMOND
    TARTAKOFF,
                    Petitioner,

          v                                MEMORANDUM AND JUDGMENT

NEW YORK STATE EDUCATION
    DEPARTMENT et al.,
                    Respondents.
_____

Calendar Date:  May 27, 2015

Before:  Peters, P.J., Lahtinen, Garry and Devine, JJ.

                    _____


        Wilson Elser, Albany (Benjamin F. Neidl of counsel), for
petitioner.

        Eric T. Schneiderman, Attorney General, New York City
(Rachel J. Pasternak of counsel), for respondents.

                    _____


Lahtinen, J.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Education Law § 6510 [5]) to review a
determination of the Board of Regents which, among other things,
suspended petitioner's license to practice as a licensed clinical
social worker in New York for two years.

        The Office of Professional Discipline of respondent New
York State Education Department (hereinafter OPD) investigated
petitioner, a licensed clinical social worker, after receiving a
complaint from one of his clients, JC.  He was eventually charged
with three specifications of professional misconduct, namely,
negligence on more than one occasion, incompetence on more than

one occasion and unprofessional conduct. The charges were premised upon allegations that, while treating JC between October 2004 and June 2008, petitioner had, among other things, actively socialized with both JC's then husband, DC (who was also petitioner's client), as well as JC's father, and that he further failed to maintain accurate records. Following a hearing, the Hearing Panel of the State Board for Social Work found petitioner guilty of the three specifications and recommended that his license be revoked. The Regents Review Committee accepted the Hearing Panel's findings of fact and determination of guilt, but modified the penalty to, among other things, suspend his license for five years, with the last three years of the suspension stayed and five concurrent years of probation. The Board of Regents accepted the Regents Review Committee's recommendation and penalty. Petitioner commenced this CPLR article 78 proceeding challenging the Board's determination.

Petitioner argues that certain treatment records of JC and DC's couples therapy were improperly admitted into evidence at the hearing in violation of the social worker privilege (see CPLR 4508) since DC had not consented. Although administrative agencies are not bound by strict rules of evidence (see e.g. Matter of Tsirelman v Daines, 61 AD3d 1128, 1130 [2009], lv denied 13 NY3d 709 [2009]), they are required to "give effect to the rules of privilege recognized by law" (State Administrative Procedure Act § 306 [1]). Here, petitioner had already released the relevant records to OPD during its investigation. His objection prior to the hearing appears directed at whether JC had waived the privilege. Petitioner called DC as a witness and DC freely answered questions regarding the treatment covered by the records. DC did not assert the privilege. The privilege is intended to protect the client (cf. People v Osorio, 75 NY2d 80, 84 [1989] [discussing the attorney-client privilege]) and, under the circumstances, we are unpersuaded that receipt of the records deprived petitioner of a fair hearing.

Petitioner further contends that he did not receive a fair hearing because his chosen counsel was disqualified. We cannot agree. Petitioner retained Michael Sussman, who was already representing JC in a separate civil rights action against her employer in federal court. OPD moved to disqualify Sussman from

representing petitioner. "When the representation is simultaneous, the burden shifts to the attorney to demonstrate that no actual or apparent conflict in loyalties exists" (Leonardo v Leonardo, 297 AD2d 416, 418 [2002] [citation omitted]). "[D]oubts as to the existence of a conflict of interest must be resolved in favor of disqualification" (Sperr v Gordon L. Seaman, Inc., 284 AD2d 449, 450 [2001] [internal quotation marks and citation omitted]; see Halberstam v Halberstam, 122 AD3d 679, 679 [2014]). To represent petitioner, Sussman would have had to effectively cross-examine JC, who was a key witness in OPD's case against petitioner. His simultaneous representation of her in a pending federal action potentially gave him access to information not otherwise available for use on cross-examination. Moreover, in this proceeding, Sussman would be attempting to diminish her credibility, whereas an opposite result would be pursued in the federal action. There was a sufficient conflict of interest to justify disqualifying Sussman.

We consider next petitioner's challenge to the merits of the Board's determination. The Board's determination will not be disturbed if it is supported by substantial evidence (see Matter of D'Angelo v State Bd. for Professional Med. Conduct, 66 AD3d 1154, 1155 [2009]; Matter of Ho v Novello, 27 AD3d 908, 910 [2006]). OPD's expert, David Olsen, testified in detail regarding boundaries that a social worker must maintain, the training social workers receive about boundaries, and the reasons for the boundaries, which include protecting client confidentiality and making the client feel safe. He opined that petitioner had many boundary violations and that his actions deviated from the acceptable practices within the profession. Among other things, petitioner had, during the relevant time and while JC was a client, played golf with DC and JC's father and had eaten meals with JC and DC at their home. Petitioner attempted to explain his presence at JC's home as consistent with a counseling theory advanced by Salvator Minuchin advocating sessions in a client's home as facilitating the therapeutic process. However, petitioner acknowledged that there was no documentation in his notes that he was using Minuchin's techniques in counseling JC and DC. Olsen also testified regarding the many deficiencies in petitioner's records including, but not limited to, the lack of progress notes

supporting his various diagnoses and the absence of any treatment plan.  Substantial evidence supports the Board's determination.

"The penalty in a disciplinary proceeding governed by the Education Law rests within the discretion of the reviewing agency and will not be disturbed unless it is so disproportionate to the offense as to shock one's sense of fairness" (Matter of Genco v Mills, 28 AD3d 966, 967 [2006] [citations omitted]; see Matter of Yohanan v King, 113 AD3d 971, 972 [2014], appeal dismissed 23 NY3d 953 [2014], lv denied 24 NY3d 902 [2014]).  The penalty did not run afoul of such standard, and it was not error to consider as a factor in the penalty a consent order in another disciplinary matter involving petitioner.

Peters, P.J., Garry and Devine, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court