■ ALEXANDER SINAY, Appellant, v GARY SCHWARTZMAN et al., Respondents. [50 NYS3d 141]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated September 30, 2015, which granted the motion of the defendants Gary Schwartzman and Elena Gorun to vacate so much of a judgment of the same court dated March 22, 2012, as is in favor of the plaintiff and against them in the principal sum of $313,250.33, upon their failure to appear or answer the complaint.

Ordered that the order dated September 30, 2015, is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine whether the defendants Gary Schwartzman and Elena Gorun were properly served with process pursuant to CPLR 308 (4), and thereafter for a new determination of their motion to vacate so much of the judgment dated March 22, 2012, as is in favor of the plaintiff and against them in the principal sum of $313,250.33.

This action was commenced by filing in 2008 against several corporate defendants and individuals who purportedly had an interest in those corporate defendants, alleging, among other things, that they breached their contract with the plaintiff. On November 16, 2012, the defendants Gary Schwartzman and Elena Gorun (hereinafter together the defendants) allegedly were served at their residence—a condominium in Miami, Florida—by "affix and mail" service pursuant to CPLR 308 (4), after six unsuccessful attempts to serve them personally at that residence.

The defendants failed to appear or answer the complaint and, after an inquest on January 3, 2012, a judgment was entered against them in the principal sum of $313,250.33. On

December 23, 2014, the defendants moved to vacate their default pursuant to CPLR 5015 and 317, claiming they were never served with process. They claimed that they first learned of the judgment in February 2014 from a credit report against them, and submitted affidavits of merit.

At an oral colloquy on August 12, 2015, the Supreme Court ruled that the process server's affidavits of service were insufficient proof of service. The defendants then authorized their attorney to accept service of process on their behalf, and agreed to serve an answer. Therefore, the court vacated the default judgment against them.

The order appealed from dated September 30, 2015, granted the motion to vacate the default judgment against the defendants based upon a reasonable excuse for the default and a potentially meritorious defense. The plaintiff appeals. Contrary to the defendants' contention, the plaintiff's notice of appeal is not limited.

CPLR 317 states, in pertinent part, that "[a] person served with a summons other than by personal delivery . . . who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he [or she] did not personally receive notice of the summons in time to defend and has a meritorious defense." In this case, the plaintiff established that the defendants received notice of the action by mail before the default judgment was entered. The mailing created a presumption of receipt, which was not rebutted (*see Youngstown Tube Co. v Russo*, 120 AD3d 1409, 1410 [2014]). Therefore, contrary to the defendants' contention in their motion papers and on appeal, they were not entitled to relief pursuant to CPLR 317.

The Supreme Court vacated the defendants' default based upon CPLR 5015 (a) (1), finding both a reasonable excuse for the default and a potentially meritorious defense. However, the defendants did not assert a reasonable excuse for their default, other than improper service. If they were in fact improperly served, the action was never properly commenced against them, they had no obligation to serve an answer, and they did not default (*see Wells Fargo Bank, NA v Besemer*, 131 AD3d 1047 [2015]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]).

In determining whether service of process is proper, the plaintiff "bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over a defendant was obtained" (*U.S. Bank, N.A. v Peralta*, 142 AD3d 988, 988

[2016]). The affidavit of service of the process server generally constitutes prima facie proof of proper service (*see id.*). "However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (*id.* at 988-989; *see Velez v Forcelli*, 125 AD3d 643, 644 [2015]).

Service was made by "affix and mail" service pursuant to CPLR 308 (4), which permits such service only where personal delivery or delivery to a person of suitable age and discretion "cannot be made with due diligence." Attempts at service at different times, including a Saturday, which the process server claimed were accomplished in this case, have been deemed sufficient to establish that service by personal delivery or delivery to a person of suitable age and discretion "cannot be made with due diligence" (*Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 759-760 [2013]; *see Wells Fargo Bank, N.A. v Cherot*, 102 AD3d 768 [2013]). However, the defendants raised issues of fact as to whether "affix and mail" service was properly made, i.e., whether the summons and complaint were affixed to the door of their condominium unit, rather than the exterior door of the condominium complex (*see Lombay v Padilla*, 70 AD3d 1010, 1012 [2010]). Under the circumstances, a hearing to determine the validity of service upon the defendants was warranted.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.