Wiederman v Halpert (2019 NY Slip Op 04226)





Wiederman v Halpert


2019 NY Slip Op 04226


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-04709
 (Index No. 4057/16)

[*1]Malkie Wiederman, appellant, 
v
Issac Halpert, et al., respondents.


Jacob Zelmanovitz, Brooklyn, NY, for appellant.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman and Henry Mascia of counsel), for respondents.



DECISION & ORDER
In an action to enforce a foreign judgment, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated April 3, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was to disqualify the plaintiff's attorney from representing the plaintiff in this action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises from the plaintiff's May 26, 2016, filing pursuant to CPLR 5402 in the Supreme Court, Kings County, of a judgment entered in the Superior Court of Connecticut, Judicial District of Waterbury, against the defendants in the total sum of $600,892.49. The plaintiff's attorney in this action formerly represented the defendants in a prior New York action they commenced in 2009 alleging, inter alia, identity theft. The defendants also retained the attorney to defend their son and daughter-in-law in a different New York action alleging that the four of them conspired with others to defraud banks into lending money that they never intended to repay for purchases of real property that never occurred. That action was discontinued in 2010. Upon a decision of the Appellate Court of Connecticut dated July 27, 2016, to terminate a stay prohibiting enforcement of the judgment at issue here, the plaintiff served a restraining notice on a bank account held in the names of the defendant Marsha Halpert and one of the defendants' children. On August 30, 2016, the defendants moved by order to show cause, inter alia, to vacate the restraining notice and to disqualify the plaintiff's attorney from representing the plaintiff in this action. The Supreme Court granted those branches of the defendants' motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was to disqualify her attorney.
"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Matter of Blackman, 165 AD3d 654, 655). A party's right to be represented by counsel of his or her own choosing is a valued right that should not be abridged absent a clear showing that disqualification is warranted (see Mediaceja v Davidov, 119 AD3d 911, 911; Zutler v Drivershield Corp., 15 AD3d 397, 397). "Any doubts as to the existence of a conflict of interest must be resolved in favor of disqualification" (Halberstam v Halberstam, 122 AD3d 679, 679). "Moreover, even when an actual conflict of interest may not exist, disqualification may be warranted based on a mere appearance of impropriety" (id. at 679-680) so long as there is actual prejudice or [*2]a substantial risk thereof (see Matter of Lovitch v Lovitch, 64 AD3d 710, 711).
Here, the defendants established that the nature of their prior relationship with the plaintiff's attorney and the confidential matters they revealed to the attorney resulted in a substantial risk of prejudice such that the very appearance of a conflict of interest was sufficient to warrant disqualification (see Cohen v Cohen, 125 AD3d 589, 590; Halberstam v Halberstam, 122 AD3d at 680; Sirianni v Tomlinson, 133 AD2d 391, 392). While the plaintiff is correct that a delay in seeking disqualification might justify denying the motion (see Campbell v Bank of Am., N.A., 155 AD3d 820, 822-823), the delay here was minimal. The defendants' request to disqualify the plaintiff's attorney was contained within their first motion in this action, which was in the form of an order to show cause filed mere weeks after discovering the restraining notice. Consequently, under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to disqualify the plaintiff's attorney from representing the plaintiff in this action.
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court