Legal Servicing, LLC v Carty (2024 NY Slip Op 03741)

Legal Servicing, LLC v Carty

2024 NY Slip Op 03741

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-02530
2024-05238
 (Index No. 8780/15)

[*1]Legal Servicing, LLC, respondent, 
v
John Carty, appellant.

Arthur L. Gallagher, Bronx, NY, for appellant.
Annemarie E. Steward, Williamsville, NY (Barclay Damon LLP [Jesse R. Dunbar], of counsel), for respondent.

DECISION & ORDER
In an action for a renewal judgment pursuant to CPLR 5014, the defendant appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated January 21, 2022. The order, insofar as appealed from, denied those branches of the defendant's motion which were, in effect, to vacate an underlying clerk's judgment of the same court entered June 16, 2006, upon the defendant's failure to answer the complaint in the underlying action, and to vacate a renewal judgment of the same court entered December 20, 2016, upon the defendant's failure to answer the complaint in this action. The appeal brings up for review so much of an order of the same court dated August 4, 2022, as denied that branch of the defendant's motion which was for leave to renew those branches of his prior motion which were, in effect, to vacate the underlying clerk's judgment and to vacate the renewal judgment (see CPLR 5517[b]).
ORDERED that the appeal from the order dated January 21, 2022, is dismissed as academic in light of our determination upon review of the order dated August 4, 2022; and it is further,
ORDERED that the order dated August 4, 2022, is reversed insofar as reviewed, on the law, that branch of the defendant's motion which was for leave to renew those branches of his prior motion which were, in effect, to vacate the underlying clerk's judgment and to vacate the renewal judgment is granted, upon renewal, so much of the order dated January 21, 2022, as denied those branches of the prior motion is vacated, and the matter is remitted to the Supreme Court, Orange County, for a hearing to determine the validity of service of process upon the defendant in the underlying action and, if necessary, in this action, and for a new determination thereafter of those branches of the defendant's prior motion; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In 2015, the plaintiff commenced this action for a renewal judgment pursuant to CPLR 5014 in connection with a clerk's judgment entered June 16, 2006, in favor of it and against the defendant in the total sum of $14,922.95 (hereinafter the underlying judgment) upon the defendant's failure to answer the complaint in the underlying action. Upon the defendant's failure to answer the complaint in this action, a renewal judgment was entered in favor of the plaintiff and against the defendant. Subsequently, the defendant moved, inter alia, in effect, to vacate the underlying judgment and to vacate the renewal judgment on various grounds. In an order dated [*2]January 21, 2022, the Supreme Court, among other things, denied those branches of the defendant's motion. In an order dated August 4, 2022, the court, inter alia, denied that branch of the defendant's motion which was for leave to renew those branches of his prior motion. The defendant appeals.
"Absent proper service of process, a default judgment is subject to vacatur at any time" (Lull v Van Tassell, 171 AD3d 1155, 1156). A defendant seeking to vacate a default judgment on the ground of lack of personal jurisdiction need not demonstrate a reasonable excuse for the default and a potentially meritorious defense (see id. at 1156-1157). Failure to serve process in an action leaves the court without personal jurisdiction over the defendant, thereby rendering all subsequent proceedings null and void (see id. at 1157).
In determining whether service of process was proper, the ultimate burden is on the plaintiff to prove by a preponderance of the evidence that jurisdiction over a defendant was obtained (see Sinay v Schwartzman, 148 AD3d 1068, 1069). In general, a process server's affidavit of service constitutes prima facie evidence of proper service (see id. at 1070). However, when the defendant submits a sworn denial of receipt of service setting forth specific facts to refute the statements in the process server's affidavit of service, the prima facie showing is rebutted, and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing (see id.).
Service in both the underlying action and in this action was made by affix and mail service pursuant to CPLR 308(4), which allows for such service only where personal delivery or delivery to a person of suitable age and discretion "cannot be made with due diligence." Where, as here, the process server attempts service at different times, including on a Saturday, it is sufficient to establish that service by personal delivery or delivery to a person of suitable age and discretion could not be made with due diligence (see Sinay v Schwartzman, 148 AD3d at 1070). Nonetheless, the defendant raised questions of fact as to whether affix and mail service was properly made in both actions.
With regard to the underlying action, the process server averred that he had affixed the summons and complaint to the door of the defendant's "last known address," listed as an address in Greenwood Lake (hereinafter the subject premises). However, the defendant, who asserted that he never received service, submitted evidence that the subject premises is a two-family house and averred that at the time of service he lived on the second floor, which has its own separate entrance accessible via an outside staircase. The process server's affidavit of service failed to specify to which door at the subject premises he had affixed the commencement papers (see id.; see also HSBC Bank USA, N.A. v Russo, 205 AD3d 647, 647-648; cf. Marrero v Wolffe, 60 AD2d 596, 596; see generally Lombay v Padilla, 70 AD3d 1010, 1012). Although the plaintiff submitted New York State Department of Motor Vehicle (hereinafter DMV) records, as well as bank records, of the defendant indicating that he had provided the address of the subject premises without the designation of a floor, there is no indication in the record that the defendant's failure to list the floor upon which he lived "was a ploy to disguise his whereabouts or that he has taken inconsistent positions in legal proceedings regarding his residence" (HSBC Bank USA, N.A. v Russo, 205 AD3d at 648).
With regard to this action, the process server averred that he had affixed the summons and complaint to the door of the defendant's "usual place of abode within the state," again listed as the subject premises. However, the defendant, who again asserted that he never received service, averred that he no longer resided at the subject premises at the time of the alleged service, setting forth his actual address in Yonkers at that time and when he had moved. Although the defendant did not submit any documentary evidence to support his assertion that he did not reside at the subject premises at the time of service in this action, he submitted an affidavit from his wife in which she also averred that they were not living at the subject premises at the time of service, having moved to Yonkers in 2014 to ease the defendant's commute to work (see Sileo v Victor, 104 AD3d 669, 670; cf. Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820, 821). Moreover, while the plaintiff submitted evidence that at the time of service in this action, the address on file for the defendant at the DMV was the subject premises, "the mere failure to update one's address with the DMV, standing alone, does not automatically equate with a deliberate attempt to avoid service and warrant estopping a defendant from challenging the propriety of service at a former address" (Castillo-Florez v Charlecius, 220 AD3d 1, 13).
Based on the foregoing, a hearing to determine the validity of service upon the [*3]defendant in the underlying action and, if necessary, in this action (see CPLR 5014; Lull v Van Tassell, 171 AD3d at 1156; see also CPLR 5015[a][5]) was warranted.
While the defendant also sought to vacate the underlying judgment, and concomitantly the renewal judgment (see CPLR 5015[a][5]), on the ground that the plaintiff's claim was not for a "sum certain" (id. § 3215[a]) and its application for judgment by default did not comply with the relevant provisions of CPLR 3215(f), assuming jurisdiction was properly obtained over the defendant in the underlying action, his default therein precludes him from raising those issues in this action (see e.g. Tromba v Eastern Fed. Sav. Bank, FSB, 148 AD3d 753, 754).
To the extent the defendant challenges so much of the order dated August 4, 2022, as denied that branch of his motion which was for leave to reargue the aforementioned branches of his prior motion, that challenge cannot be reviewed (see Cline v Shorter, 242 AD2d 660, 661).
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court