American Tr. Ins. Co. v Preferred Med., P.C. (2024 NY Slip Op 50966(U))

[*1]

American Tr. Ins. Co. v Preferred Med., P.C.

2024 NY Slip Op 50966(U)

Decided on July 23, 2024

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 23, 2024
Supreme Court, Kings County

American Transit Insurance Company, Plaintiff,

against
Preferred Medical, P.C. A/A/O CYNTHIA BECKFORD, Defendant.

Index No. 526577/2021

Attorney for Plaintiff
William Robert Larkin
1250 Broadway 36th Floor
New York City, NY 10001
(212) 888-5807
wlarkin@larkinfarrell.com
Attorney for Defendant
Roman Aleksandrovich Kravchenko
35 Pinelawn Rd. Suite 105e
Melville, NY 11747
(516) 750-0595
roman@rknylaw.com

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 of the papers considered on the notice of motion filed on April 19, 2024, under motion sequence number seven, by Preferred Medical, P.C. a/a/o Cynthia Beckford (hereinafter defendant or movant) seeking an order: (1) disqualifying non-party Larkin Farrell, LLC from serving as counsel for American Transit Insurance Company (hereinafter ATIC) based upon an alleged violation of Judiciary Law § 470; and (2) directing an evidentiary hearing on the issue as to whether Larkin Farrell, LLC is in violation of Judiciary Law § 470. 
-Notice of motion
-Affirmation in support
         Exhibits A- K
Recitation in accordance with CPLR 2219 of the papers considered on the notice of cross motion filed on June 26, 2024, under motion sequence number eight, by ATIC seeking an order: (1) finding the filing of motion sequence seven as frivolous conduct and imposing sanctions [*2]pursuant to 22 NYCRR 130-1.1 and costs, and (2) striking or redacting from public view exhibit A and B annexed to motion sequence seven. ATIC's cross motion also served as opposition to defendant's motion.
-Notice of cross motion
-Memorandum of law in support
Exhibits A-N
-Affirmation of William Larkin, Esq.
-Affirmation of James F. Sullivan, Esq.
-Affirmation of Daniel J. Tucker, Esq.
-Affirmation of Roman Kravchenko, Esq. in opposition
-Memorandum of law in opposition
Exhibit A-E
BACKGROUND
On October 19, 2021, plaintiff commenced the instant action by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On March 10, 2022, the defendant interposed and filed an answer to the verified complaint.
The verified complaint alleged the following salient facts. On September 10, 2018, Cynthia Beckford (hereinafter Beckford) was injured in a motor vehicle accident. Beckford put ATIC on notice of the accident and claimed injuries caused by the accident. ATIC assigned claim number 1038161-03 to Beckford's claim. Beckford sought medical treatment for those injuries and the defendant is one of the medical providers that rendered treatment to her on December 9, 2018. Bedford assigned the rights to collect no fault benefits to the defendant in exchange for that treatment. The defendant submitted no fault claims to ATIC seeking reimbursement in the amount of $9,870.10 for medical services provided to Beckford. ATIC did not pay the claim.
Thereafter, the defendant initiated an arbitration proceeding claiming $9,870.10 for services provided to Beckford on December 9, 2018. The arbitration matter was assigned number 99-19-1120-7725 by the American Arbitration Association. The arbitration matter was decided by Arbitrator Jan Chow, Esq. who awarded the defendant $7,400.00. ATIC filed for Master Arbitration. Master Arbitrator Steven Rickman, Esq. upheld the lower arbitration award. 
The instant action was commenced by ATIC pursuant to CPLR 7511, Insurance Law 5016 (c) and 11 NYCRR 65-4.10 (h) (1) (ii) seeking de novo review of the arbitration award. ATIC contends that the arbitration award exceeded $5,000.00 exclusive of interest, attorneys' fees, and costs. Consequently, ATIC seeks a declaration that the arbitration decisions of Jan Chow, Esq. and Steven Rickman, Esq. in the matter designated AAA number 99-19-1120-7725 have no force or effect because of this Court's obligation to conduct a de novo review.
On July 11, 2024, motion sequence seven and eight were scheduled for oral argument. At oral argument the defendant requested an adjournment to submit a reply to that branch of ATIC's cross motion which served as opposition to the defendant's motion and to submit opposition to ATIC's cross motion. 
After oral argument, the defendant's application for an adjournment to submit a reply to that branch of ATIC's cross motion, which served as opposition to the defendant's motion was denied. However, the defendant's application to submit opposition to ATIC's cross motion was granted. The Court ordered that defendant's opposition to ATIC's cross motion be filed on or [*3]before August 30, 2024, and the cross motion was adjourned to October 17, 2024.
The following documents were considered in determining defendant's motion sequence seven: NYSCEF documents 100 through 116 and 119 through 137. 
LAW AND APPLICATION
For the reasons sets forth below the motion is denied without regard to that part of ATIC's cross motion which served as opposition to the motion. Hence, there was no need to adjourn the instant motion to consider a reply to ATIC's opposition contained within ATIC's cross motion. 
"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Halberstam v Halberstam, 122 AD3d 679 [2d Dept 2014], citing Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC, 109 AD3d 549, 550 [2d Dept 2013]; Albert Jacobs, LLP v Parker, 94 AD3d 919 [2d Dept 2012]). "A party's right to be represented by counsel of his or her own choosing is a valued right which will not be superseded absent a clear showing that disqualification is warranted" (Halberstam v Halberstam, 122 AD3d 679 [2d Dept 2014], citing Mediaceja v Davidov, 119 AD3d 911 [2d Dept 2014]). "The moving party bears the burden of showing that disqualification is warranted" (Halberstam v Halberstam, 122 AD3d 679 [2d Dept 2014], citing Aryeh v Aryeh, 14 AD3d 634 [2d 2005]).
Judiciary Law § 470 provides as follows. "A person, regularly admitted to practice as an attorney and counsellor, in the courts of record of this state, whose office for the transaction of law business is within the state, may practice as such attorney or counsellor, although he resides in an adjoining state." (Judiciary Law § 470; see Arrowhead Capital Finance, Ltd. v Cheyne Specialty Finance Fund L.P., 32 NY3d 645, 649 [2019]).
The court notes that the movant filed the instant motion more than two years after the instant action was commenced. The court also notes that the only sworn testimony offered in support of the instant motion is the affirmation of Roman Kravchenko (hereinafter Kravchenko), the defendant's attorney. 
In paragraph twelve of his affirmation, Kravchenko offers and annexes as exhibit C an affidavit of a process server used to serve court documents on Larkin Farrell, LLC in a separate action. The affidavit of a process server "generally constitutes prima facie proof of proper service" (Sinay v Schwartzman, 148 AD3d 1068, 1070 [2d Dept 2017]; see Legal Servicing, LLC v Carty, 2024 NY Slip Op 03741 [2d Dept 2024]). Such an affidavit is admissible when relevant to a proceeding and offered to show the manner and method that service of process was effectuated. Outside of these specific parameters, such an affidavit is generally inadmissible hearsay (see Wachovia Mtge., FSB v Galiani, 219 AD3d 896, 899 [2d Dept 2023]). Offering a process server's affidavit of service to establish the truth of the statements in the document requires a showing that the affidavit comes within an exception to the hearsay rule (Cobble Hillbillies, LLC v Interior Design, 4 Misc 3d 987, 989 [Civ Ct, Kings County 2004]). Here, the affidavit is being offered for the truth of the facts alleged by the process server. It attests to a lack of service on Larkin Farrell, LLC. To explain this, it contains an alleged statement by building security and by a receptionist to the process server. An affidavit of a process server attesting to an inability to serve process on an individual in a separate action is not presumed to be prima facie proof of the statements contained within it in the instant action. Moreover, there is no showing that the affidavit or the facts within it fall within a hearsay exception. Therefore, it is hearsay within hearsay and as such is inadmissible.
In paragraph fourteen and fifteen of his affirmation, Kravchenko refers to and [*4]purportedly quotes from a letter annexed as exhibit D and filed under NYSCEF number one hundred and five (105). Within the purportedly quoted text, Kravchenko highlights in bold and underlines certain words and phrases. He then opines that the letter and the highlighted text constitutes an admission by William Larkin, Esq. that he is in violation of Judiciary Law 470. The letter annexed as exhibit D, however, does not contain any of the text Kravchenko quoted. In fact, the annexed letter apparently has no connection to the letter described by Kravchenko. Consequently, annexed exhibit D does not constitute an admission by William Larkin Esq that he is in violation of Judiciary Law 470. 
In paragraph sixteen of his affirmation, Kravchenko states that further research regarding the premise of Larkin Farrell LLC was done. He does not elucidate this statement any further. He then refers to annexed exhibit F and G without explaining what these documents are or what they are meant to prove.
In paragraph seventeen of his affirmation, Kravchenko offers and annexes as exhibit H a document which he describes as a chat transcript with an agent from DavinciVirtual.com, named Gigi. The document is unsworn inadmissible hearsay.
In paragraph twenty of his affirmation, Kravchenko offers and annexes as exhibit I, a document which he describes as a Google Business profile for Larkin Farrell LLC, listing its purported operational business hours. In paragraph twenty-one of his affirmation, Kravchenko refers and annexes as exhibit J, a document which he described as an article from Google that appears to be a printout of a query with Google Support for updating certain business information. Neither document I nor J are probative of defendant's contention. 
In paragraph twenty-three of his affirmation Kravchenko avers that Larkin Farrell LLC uses a Voice over Internet Protocol (VoIP). He then opines that using VoIP is conduct which deceives and misleads the public. At the end of the paragraph, he refers to exhibit K. He does not, however, explain exhibit K and what it proves.
The cited section of the Judiciary Law standing alone does not provide a procedural vehicle for bringing a notice of motion to disqualify an opponent's counsel. The sworn testimony in support of the motion consists solely of the affirmation of Roman Kravchenko, the movant's attorney. Kravchenko's affirmation is replete with conclusory allegations and opinions derived largely from annexed documents that were either not probative or admissible. In sum, the affirmation of Kravchenko does not provide reliable or admissible evidence to support the relief requested in the motion. 
"[A] violation of Judiciary Law § 470 does not render the actions taken by the attorney involved a nullity. Instead, the party may cure the section 470 violation with the appearance of compliant counsel or an application for admission pro hac vice by appropriate counsel" (Arrowhead Capital Finance, Ltd. v Cheyne Specialty Finance Fund L.P., 32 NY3d 645, 650 [2019]).
Moreover, there is no statute, court rule, or case law which would compel or persuade the Court to conduct the evidentiary hearing requested by the movant. The sole purpose of such a hearing would be to explore whether counsel to the movant's adversary may have violated Judiciary Law 470. "It is well-established that a judge 'is under no ethical obligation to investigate whether allegations of misconduct are true' and thus may discharge their disciplinary responsibilities, if any, 'based on those facts already known to the judge without further inquiry'" (Advisory Comm on Jud Ethics Op 23-239 [2024]). The Court is not required to investigate the suspicion of a party's counsel on whether its adversary's counsel has arguably committed an [*5]ethical violation. Particularly so when it has no specific relevancy to the underlying issues in the instant action. The Court declines the invitation to do so.
CONCLUSION
The motion by Preferred Medical, P.C. a/a/o Cynthia Beckford for an order disqualifying Larkin Farrell, LLC as counsel for American Transit Insurance Company based upon the violation of Judiciary Law § 470 is denied. 
The motion by Preferred Medical, P.C. a/a/o Cynthia Beckford for an order directing an evidentiary hearing on the issue as to whether Larkin Farrell, LLC is in violation of Judiciary Law § 470 is denied.
Preferred Medical, P.C. a/a/o Cynthia Beckford is directed to pay $100 cost to the plaintiff American Transit Insurance Company within thirty days of notice of entry of the instant decision and order.
Preferred Medical, P.C. a/a/o Cynthia Beckford is also directed to pay $100 cost to non-party Larkin Farrell, LLC within thirty days of notice of entry of the instant decision and order.
The foregoing constitutes the decision and order of this Court.
ENTER
J.S.C.